469 So.2d 169 (1985)
James Arthur HARRELL, Appellant,
v.
STATE of Florida, Appellee.
No. AX-314.
District Court of Appeal of Florida, First District.
May 21, 1985.
Michael E. Allen, Public Defender and Paula S. Saunders, Asst. Public Defender, Tallahassee, for appellant.
Jim Smith, Atty. Gen. and Gregory G. Costas, Asst. Atty. Gen., Tallahassee, for appellee.

OPINION ON REHEARING
JOANOS, Judge.
This case is before the court on rehearing. We have previously granted rehearing and withdrawn the opinion filed on February 12, 1985.
Appellant Harrell appeals from a probation revocation in a felony case predicated upon an uncounseled misdemeanor conviction. We reverse and remand with directions.
On June 8, 1983, in the Circuit Court for Suwannee County appellant pled guilty to a charge of aggravated battery. He was placed on probation for three years, and directed to serve a number of days in the custody of the Department of Corrections as a condition of probation. On September 30, 1983, appellant was released by the Department of Corrections, and was arrested *170 in Duval County the same day. Appellant later entered a plea of nolo contendere in the County Court for Duval County to a misdemeanor charge of disorderly intoxication.
On October 3, 1983, the state submitted an affidavit charging that appellant had violated two conditions of his Suwannee County Circuit Court probation. The first condition specified that appellant "shall live and remain at liberty without violating any law." The second condition required that appellant "shall not use intoxicants to excess."
At the hearing on the probation violation, the state tendered a certified copy of the judgment and sentence entered in the County Court of Duval County, where appellant pled nolo contendere. The judgment and sentence form indicates on its face that appellant was not represented by counsel in that proceeding. It does not indicate whether or not counsel was waived. Appellant insists that he was not guilty of disorderly intoxication, but stated he pled no contest in order to expedite the proceeding in Duval County since the county court judge had to rule on approximately eighty-five cases that day. Defense counsel objected to admission of the judgment and sentence on the ground that appellant did not have counsel when he pled nolo contendere, nor had he waived his right to counsel. The court overruled the objection and admitted the judgment and sentence into evidence. The judgment and sentence constituted the state's only evidence of appellant's violation of probation.
At the sentencing hearing, appellant was sentenced to twelve years for aggravated battery, and was given credit for 318 days time served.
We note at the outset that a trial court may, under some circumstances, render a perfectly valid judgment of conviction on a nolo contendere plea to a misdemeanor, even though the accused was without benefit of counsel at entry of the plea. Such a misdemeanor conviction raises problems, however, in those cases where, as here, the state seeks to revoke a prior probation solely on the basis of the uncounseled misdemeanor conviction. We were formerly of the view that the proper course for appellant to follow in a challenge to the probation revocation predicated on a misdemeanor conviction was by an attack on the validity of the uncounseled misdemeanor conviction. Upon further reflection, we determined that such a course would be unavailing in this particular situation, since a motion for post-conviction relief is ineffective to attack a valid conviction.[1] After consideration of appellant's motion for rehearing, we requested counsel to provide oral argument so that we might further consider the procedural problem here presented. We now agree with counsel for appellant that although an uncounseled misdemeanor conviction may be valid for some purposes, it is not necessarily valid for all purposes.
Argersinger[2] makes clear that a right to counsel attaches in those misdemeanor cases where the accused receives even a very brief jail term. The United States Supreme Court stressed in Argersinger that a loss of liberty is the key analytical concept. Therefore, the right to counsel does not attach in those misdemeanor cases where the accused suffers no confinement. Scott v. Illinois, 440 U.S. 367, 99 S.Ct. 1158, 59 L.Ed.2d 383 (1979). In this case, then, we have just that situation the court contemplated in Scott v. Illinois, i.e., the trial court entered a conviction on a plea of nolo contendere to a charge of disorderly intoxication, but did *171 not impose incarceration.[3] Consequently, appellant's misdemeanor conviction is clearly valid, so impervious to attack by means of a motion for post-conviction relief.
Our second inquiry is directed to the validity of an uncounseled misdemeanor conviction to support revocation of probation and imposition of a prison sentence. In Maselli v. State, 446 So.2d 1079, 1081 (Fla. 1984), the court held "that a conviction entered upon a plea of nolo contendere by a probationer is a sufficient lawful basis for revocation of probation." The holding in Maselli was premised upon the court's recognition that acceptance of a nolo contendere plea is conditioned on a trial court finding of voluntariness and the existence of a factual basis for the plea. In addition, the Florida Supreme Court held that a probationer must be afforded the opportunity to be heard on the question of his guilt or innocence of the charge to which he pled no contest.
The law is clear that an uncounseled conviction in which there was no waiver of counsel will not support a finding of guilt or an increased term of imprisonment on a subsequent conviction. Baldasar v. Illinois, 446 U.S. 222, 100 S.Ct. 1585, 64 L.Ed.2d 169, reh'g denied, 447 U.S. 930, 100 S.Ct. 3030, 65 L.Ed.2d 1125 (1980); Argersinger v. Hamlin, 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972); Burgett v. Texas, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319 (1967); Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963). In Burgett v. Texas, the United States Supreme Court said:
To permit a conviction obtained in violation of Gideon v. Wainwright to be used against a person either to support guilt or enhance punishment for another offense (see Greer v. Beto, 384 U.S. 269, 16 L.Ed.2d 526, 86 S.Ct. 1447) is to erode the principle of that case. Worse yet, since the defect in the prior conviction was denial of the right to counsel, the accused in effect suffers anew from the deprivation of that Sixth Amendment right, Id., 116, 88 S.Ct. 258. (e.s.)
The rationale for the court's position is that such an uncounseled conviction "is not sufficiently reliable to support the severe sanction of imprisonment." Baldasar v. Illinois, 445 U.S. at 227, 100 S.Ct. at 1588.
As we stated above, our concern in this case has never been directed to the constitutional principles involved, for indeed there is no disagreement that a misdemeanor conviction in which there was no right to counsel provided will not support probation revocation. Here appellant contends that counsel was not available nor did he waive the assistance of counsel at the County Court proceeding. In circumstances such as these, where a probationer raises the issue of an uncounseled conviction, the United States Supreme Court, by its holding in Burgett v. Texas, requires the state to show more than a valid conviction to support a probation revocation. Therefore, in circumstances such as these where the document relied upon by the state attesting to a judgment and conviction states on its face that the conviction was uncounseled, it is incumbent upon the state to show by a preponderance of the evidence that the probationer was represented by counsel, or that counsel was available but validly waived. Concomitantly, in that situation where the document relied upon to support probation revocation is silent regarding counsel and the issue is raised by the probationer at the probation revocation hearing, the state is required to show either that the probationer was represented by counsel or that counsel was available and validly waived. Of course, under either circumstance, the state may prove by independent means that probation was violated. Our opinion here is directed only to those cases where the state seeks to revoke probation solely on the basis of a valid conviction, and offers no other ground for revocation. We agree with appellant that validity is not the test. An *172 uncounseled misdemeanor conviction, though clearly valid, may not be relied upon as the sole basis for probation revocation and a term of imprisonment.
Therefore, the order revoking appellant's probation is reversed and the cause is remanded for a new hearing on the question of probation revocation. If the state intends to rely on the uncounseled conviction to support revocation, it must show that appellant was offered and validly waived counsel in the County Court proceeding.
Reversed and remanded for proceedings consistent with this opinion.
WIGGINTON and BARFIELD, JJ., concur.
NOTES
[1] Fla.R.Crim.P. 3.850 provides, in part, that a prisoner in custody may attack the validity of the judgment or the sentence imposed on grounds "that the sentence was imposed in violation of the Constitution or Laws of the United States, or of the State of Florida, or that the court was without jurisdiction to enter such judgment or to impose such sentence or that the sentence was in excess of the maximum authorized by law, or that his plea was given involuntarily, ..."
[2] Argersinger v. Hamlin, 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972).
[3] The Judgment and Sentence form contained in the record reflects that the trial court entered credit for two days appellant was incarcerated in the Duval County Jail while awaiting arraignment.