477 So.2d 1088 (1985)
John PILLA, Appellant,
v.
STATE of Florida, Appellee.
No. 84-1943.
District Court of Appeal of Florida, Fourth District.
November 6, 1985.
*1089 Richard L. Jorandby, Public Defender, and Allen J. DeWeese, Asst. Public Defender, West Palm Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Carolyn V. McCann, Asst. Atty. Gen., West Palm Beach, for appellee.
DOWNEY, Judge.
Appellant was convicted of driving while his license was suspended. He was sentenced to two years in prison, an enhanced sentence based upon consideration of six prior convictions, five of which were uncounseled convictions.
Prior to sentencing the state filed a notice to declare the defendant an habitual offender, based upon six prior convictions for driving while his license was suspended. The defense filed a response alleging that in five of the six convictions listed he was not represented by counsel, nor was counsel waived, and he could not afford counsel.
The state contended in the trial court, and here, that it was proper for the court to consider the uncounseled convictions until they were set aside in a post conviction proceeding. That legal position is unsound. The Supreme Court of the United States in Baldasar v. Illinois, 446 U.S. 222, 100 S.Ct. 1585, 64 L.Ed.2d 169 (1980), held an uncounseled conviction may not be used to enhance a sentence on a subsequent conviction unless the defendant waived his right to counsel. See also Argersinger v. Hamlin, 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972); Harrell v. State, 469 So.2d 169 (Fla. 1st DCA 1985); Hayes v. State, 468 So.2d 470 (Fla. 4th DCA 1985).
Accordingly, the sentence is reversed and the cause is remanded to the trial court to entertain further proof regarding the alleged prior convictions, and to sentence appellant in accordance with the foregoing authorities.
REVERSED AND REMANDED with directions.
LETTS and HURLEY, JJ., concur.