SHIVERS, Judge.
Appellant, defendant below, was found guilty after a jury trial of vehicular homicide and was sentenced to five years incarceration. He now raises three issues on appeal, only one of which merits discussion.
A sentencing guidelines scoresheet was prepared in this case, reflecting a recommended sentence of community control or twelve to thirty months incarceration. The trial court departed from the recommended sentence, however, and imposed a sentence of five years incarceration, citing the following as the reason for departure:
Defendant’s lengthy record for traffic offenses demonstrates his inability to obey the law. He has five convictions for careless driving, seven for speeding, two other traffic violations and two convictions for driving while license suspended. Defendant’s driving represents a serious danger to the safety of pedestrians and other motorists.
*115 Appellant now contends that since all of these offenses, with the exception of the two convictions for driving while license suspended or revoked, were civil infractions, the court erred in using them as a basis for departing from the guidelines. In particular, appellant argues the departure is prohibited by Rule 3.701(d)(ll), Fla.R. Crim.P., which states that “reasons for deviating from the guidelines shall not include factors relating to prior arrests without conviction.” We disagree, and affirm the trial court’s departure.
The presentence investigation prepared prior to the sentencing hearing in this case shows numerous incidents of speeding and other traffic offenses between 1982 and 1984, including a speeding ticket two days prior to the accident (for driving 60 m.p.h. in a 30 m.p.h. speed zone) and a speeding ticket three weeks after the accident (for driving 50 m.p.h. in a 35 m.p.h. zone).. The evidence presented at trial indicated that appellant was speeding in a 30 m.p.h. residential area at the time he struck and killed the six-year-old victim in the instant case. In light of these facts, the trial court’s reason for departure can be viewed as more than a mere reference to his past traffic violations, but rather as an indication of a pattern of dangerous activity posing a threat to the safety of others. See Williams v. State, 480 So.2d 71 (Fla. 1st DCA, 1986). Moreover, the use of appellant’s civil traffic violations does not violate Rule 3.701(d)(ll) since the offenses did not result in arrests and could not have resulted in convictions.
Accordingly, appellant’s judgment and sentence is hereby AFFIRMED.
BOOTH, C.J., and WIGGINTON, J., concur.