501 So.2d 80 (1987)
James B. KEARSE, Appellant,
v.
STATE of Florida, Appellee.
No. AY-216.
District Court of Appeal of Florida, First District.
January 15, 1987.
Michael E. Allen, Public Defender, and Michael J. Minerva, Asst. Public Defender, Tallahassee, for appellant.
Jim Smith, Atty. Gen., and Barbara Ann Butler, Asst. Atty. Gen., Jacksonville, for appellee.
SHIVERS, Judge.
In State v. Kearse, 491 So.2d 1141 (Fla. 1986), the supreme court quashed this court's reversal of appellant's conviction in Kearse v. State, 464 So.2d 202 (Fla. 1st DCA 1985), and remanded with instructions that this court affirm Kearse's conviction and consider the sentencing issues originally raised on appeal. In his initial brief, Kearse attacked the trial court's departure sentence on three grounds: (a) that the record does not reflect an affirmative selection to be sentenced under the guidelines; (b) that several uncounseled prior misdemeanor *81 convictions were calculated into the sentencing guidelines scoresheet; and (c) that the trial court's reasons for departure from the sentencing guidelines were not clear and convincing. After due consideration, we remand for resentencing on the basis of appellant's first argument; that the record fails to reflect that Kearse made a "clear choice" to be sentenced under the sentencing guidelines. Lynch v. State, 491 So.2d 1169 (Fla. 4th DCA 1986). Although both defense counsel and the prosecuting attorney participated in a discussion of the presumptive guideline sentence at the sentencing hearing, this court has held that neither the defendant's silence nor his attorney's participation in the guidelines sentence determination are sufficient to indicate an affirmative selection. Terrell v. State, 486 So.2d 85 (Fla. 1st DCA 1986); Brinson v. State, 483 So.2d 13 (Fla. 1st DCA 1986); Jennings v. State, 492 So.2d 805 (Fla. 1st DCA 1986).
As his second ground, Kearse argues that the trial court erred in departing from the recommended guidelines sentence on the basis that defendant was a "major participant. Court consider [sic] that he induced another to commit a crime. The other participant has not been apprehended." The fact that the defendant was a "major participant" is clearly not a valid reason for departure from the guidelines. Even assuming that inducement of another to commit a crime is a valid reason for departure, the record contains no evidence that Kearse in fact induced another to participate. In the event that an affirmative selection to be sentenced under the guidelines is made upon resentencing, the trial court is instructed that the reason used at the original sentencing is not a valid basis for departure.
Appellant's third point, that the trial court erred in calculating five uncounseled misdemeanor convictions into the sentencing guidelines scoresheet, is without merit as the record fails to indicate that appellant was either unrepresented by counsel or had not waived the right to counsel. Baldasar v. Illinois, 446 U.S. 222, 100 S.Ct. 1585, 64 L.Ed.2d 169 (1980); Pilla v. State, 477 So.2d 1088 (Fla. 4th DCA 1985).
Accordingly, appellant's conviction is affirmed; however, the sentence is reversed and remanded for resentencing.
BOOTH, C.J., and PEARSON, TILLMAN (RET.), Assoc. Judge, concur.