# CHARRON v STATE OF FLORIDA
## Case No. 86-833CFAES
Sixth Judicial Circuit, Pasco County
May 21, 1987

**APPEARANCES OF COUNSEL**

**Jack W. Crooks** for appellant.

**Patricia McCarthy,** Assistant State Attorney, for appellee.

Before COBB, SWANSON, FEDRICO, JJ.

## OPINION OF THE COURT

WAYNE L. COBB, Circuit Judge.

This is an appeal from a judgment of guilty on a charge of improper exhibition of a firearm and a sentence of one year unsupervised probation with one of the probationary conditions being that the Appellant pay a fine of $200.00, court costs of $74.50, plus a five percent surcharge, within 30 days. On this appeal, Appellant complains that he was not afforded his right to counsel under the United States Constitution and Rule 3.111, Fla R. Crim. Proc.

It appears from the record that the only time the trial court mentioned the Defendant's right to counsel was at the arraignment. At the arraignment on January 14, 1986, the trial judge said as follows:

"THE COURT: As to each of you who are standing here today on charges of violating the Florida criminal laws, you are entitled to be represented by an attorney if you wish one. An attorney and a lawyer are the same thing. If you wish to have a lawyer but don't have sufficient money or sufficient property to hire one, the Court may appoint one to represent you if you request the Court to do so.

And if you prove to the Court that you do not have sufficient money or sufficient property to hire a lawyer, if a lawyer is appointed to represent you, his services are not free. You will have to pay for the services of the lawyer. If you haven't paid for his services by the time the case is over, the Court will enter an order setting that fee and that order will become a lien against any property you own at that time or at any time in the future for the next 20 years until the lien has been paid.

. . . . . . . . . . .

THE COURT: Mr. Charron, do you wish to hire a lawyer?

THE DEFENDANT: No, sir."

At the trial and at the sentencing, the trial judge did not mention the Appellant's right to counsel. He simply asked the Defendant if he were ready.

Therefore, it appears clearly from the record that this Appellant was not adequately advised of his right to counsel at every critical stage of the proceedings as required by construction of the United States Constitution (See *Gideon v. Wainwright*, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963); *Machwart v. State*, 222 So.2d 38 (Fla. 2d DCA 1969); *Horton v. State*, 170 So.2d 470 (Fla. 1st DCA 1964), cert. denied 174 So.2d 33 (Fla. 1965)), or Rule 3.111, Fla. R. Crim. Pro. (*Felton v. State*, 438 So.2d 1049 (Fla. 3d DCA 1963)), nor did the trial

judge adequately inquire of the Appellant's comprehension of the dangers and disadvantages of representing himself or his "knowing and intelligent" waiver of his right to counsel. *Faretta v. California,* 422 U.S. 806, 45 L.Ed.2d 562, 95 S.Ct. 2525 (1975); *Drago v. State,* 415 So.2d 874 (Fla. 2d DCA 1982); *Williams v. State,* 427 So.2d 768 (Fla. 2d DCA 1983); Rule 3.111(d), Fla. R.Crim. Proc.

However, it now appears clear that the United States Constitution requires only that no indigent criminal defendant charged with a misdemeanor be sentenced to a term of imprisonment unless the State has afforded him the right to assistance of appointed counsel in his defense. If he is sentenced only to pay a fine or serve probation, there is no Constitutional mandate that he be afforded the right to appointed counsel when charged with a misdemeanor or other minor offense. *Scott v. Ill.,* 440 U.S. 367, 59 L.Ed.2d 383, 99 S.Ct. 1158 (1979); *Harrell v. State,* 469 So.2d 169 (Fla. 1st DCA 1985).

This Appellant was not sentenced to any term of imprisonment and therefore it appears that he had no right under the United States Constitution to appointed counsel at any stage of these proceedings in the Court below. Although there does not appear to be any right to appointed counsel under the Florida Constitution (See Article I, Section 16, Constitution of the State of Florida), the Florida Supreme Court has promulgated rules of criminal procedure which do afford persons charged with misdemeanors the right to appointed counsel unless ". . . the judge, prior to trial, files in the cause a statement in writing that the defendant will not be imprisoned in the event he is convicted." Rule 3.111(b)(1), Fla.R.Crim.Proc. There was no such written statement filed by the trial judge in this action.

The Florida Supreme Court has held that a violation of a rule of procedure promulgated by that Court does not require a reversal of a conviction unless the record discloses that noncompliance with the rule resulted in prejudice or harm to the Defendant. *Richardson v. State,* 246 So.2d 771 (1971). See also *Hogan v. State,* 330 So.2d 557 (Fla. 2d DCA 1976). The First District Court of Appeals has held that an uncounseled misdemeanor conviction in which there was no waiver of counsel is valid, but will not support a determination of guilt nor any enhancement of punishment for another offense. *Harrell v. State,* 469 So.2d 169 (1985).

It does not appear that this Appellant suffered any harm or prejudice resulting from the failure of the trial court to file, prior to trial, in this cause "a statement in writing that the defendant will not be imprisoned in the event he is convicted." Therefore, the judgment and conviction of the trial court is hereby AFFIRMED.

126

However, it seems appropriate to call to the attention of all concerned that this conviction may not be used in the future to support a determination of guilt nor to enhance the punishment for any other offense for which this Appellant may suffer charges. There is no reason to believe that this Appellant will ever again be charged with a crime, but the trial court should modify its procedures to accommodate Rule 3.111, Fla.R.Crim.Proc., so as to eliminate the possibility of prejudice to the State in other cases. Now that the sentencing latitude of judges is significantly fettered by sentencing guidelines this has been important to a society dedicated to controlling crime and criminals.

Judges Swanson and Fedrico concur.