509 So.2d 1343 (1987)
Delores OLDACRE, Appellant,
v.
STATE of Florida, Appellee.
No. BO-68.
District Court of Appeal of Florida, First District.
July 21, 1987.
Michael E. Allen, Public Defender, Kathleen Stover, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., John M. Koenig, Jr., Asst. Atty. Gen., Tallahassee, for appellee.
SMITH, Chief Judge.
Appellant appeals her sentences for grand theft and food stamp fraud. She pled guilty to four counts of grand theft and admitted violating her probation. The trial court adjudicated her guilty as pled, revoked her probation, and sentenced her within the guidelines.
The guidelines scoresheet indicated a total score of 154 points, 130 points of which *1344 were due to prior convictions. Appellant, albeit inartfully, requested the trial court to delete 97 points from her scoresheet total for allegedly uncounseled convictions. At the hearing, there was no record response to appellant's written and verbal objection. Appellant also filed a motion to correct sentence on this same issue which the trial court denied.
Allegedly uncounseled convictions may not be used to calculate a defendant's presumptive guidelines sentence absent proof by a preponderance of evidence that the convictions were counseled or that counsel was validly waived. Smith v. State, 498 So.2d 1009 (Fla. 2d DCA 1986); Fretwell v. State, 503 So.2d 1000 (Fla. 4th DCA 1987).
We therefore reverse the sentences and remand the case for resentencing. At the resentencing hearing, the state shall be given the opportunity to prove that the prior convictions were counseled or that counsel was knowingly waived.
REVERSED.
ERVIN and BOOTH, JJ., concur.