ORFINGER, Judge.
Defendant appeals the sentence imposed after conviction for D.W.I. Manslaughter. Because the guidelines scoresheet was improperly calculated, we must vacate the sentence and remand for resentencing.
Defendant contends resentencing is required for two reasons: (1) because the scoresheet incorrectly included 21 points for legal status at time of offense and (2) because he challenged 24 of 25 prior misdemeanor convictions as being uncounseled and the State failed to show otherwise.
The inclusion of 21 points for legal constraint is unsupported in the record. Defendant had a June 1985 D.W.I. conviction in Maryland, but there is nothing in the record to show that legal restraint resulted from the conviction. “Legal status at time of offense” is defined in Fla.R.Crim.P. 3.701(d)(6) as:
Offenders on parole, probation, or community control; in custody serving a sentence; escapees; fugitives who have fled to avoid prosecution or who have failed to appear for a criminal judicial proceeding or who have violated conditions of a supersedeas bond; and offenders in pretrial intervention or diversion programs.
The record does not reflect the consequence of the Maryland conviction, although it appears defendant had his license revoked. If the license revocation was the “legal restraint” referred to on the score-sheet, then its inclusion was clear error. License revocation is the taking away of a privilege, not a restraint on a constitutional freedom.
Defense counsel challenged the points added for 24 of 25 misdemeanors added at the sentencing hearing, indicating that defendant was prepared to testify that he was without legal representation in those 24 cases. The trial court refused to hear testimony on the issue.
An uncounseled conviction may not be used to enhance a sentence on a subsequent conviction unless the defendant waived his right to counsel. Pilla v. State, 477 So.2d 1088 (Fla. 4th DCA 1985). Where a defendant raises the issue of an uncounseled conviction, the State must show by a preponderance of the evidence that the defendant was represented by counsel or that counsel was available but was validly waived. Harrell v. State, 469 So.2d 169, 171 (Fla. 1st DCA 1985). Presuming waiver of counsel from a silent record is impermissible. Burgett v. State, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319 (1967).
Smith v. State, 498 So.2d 1009, 1010 (Fla. 2d DCA 1986). See also Oldacre v. State, 509 So.2d 1343 (Fla. 1st DCA 1987); Pettway v. State, 502 So.2d 1353 (Fla. 2d DCA 1987); Hayes v. State, 468 So.2d 470 (Fla. 4th DCA 1985). In Croft v. State, 513 So.2d 759 (Fla. 2d DCA 1987), the court held that the defendant has the initial burden of proving the invalidity of allegedly uncounseled convictions by a preponderance of the evidence because a duly entered judgment of conviction and sentence is presumptively valid. The burden then shifts to the State to produce contrary evidence that defendant was afforded his constitutional rights or made a valid waiver thereof. While we agree with that reasoning, here, the trial court would not permit the defendant to make the necessary showing. Once defense counsel raised this issue, the court should have heard testimony from which a factual determination could be made.
The sentence is vacated and the cause is remanded for resentencing.
Sentence VACATED and REMANDED.
UPCHURCH, C.J., and DAUKSCH, J., concur.