518 So.2d 1376 (1988)
Jennings Harold LEFFEW, Appellant,
v.
STATE of Florida, Appellee.
No. 86-1690.
District Court of Appeal of Florida, Second District.
January 22, 1988.
*1377 James Marion Moorman, Public Defender, and Robert Mack, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Davis G. Anderson, Jr., Asst. Atty. Gen., Tampa, for appellee.
LEHAN, Judge.
Defendant appeals a sentence departing from the sentencing guidelines. We reverse and remand for resentencing.
Defendant pleaded guilty to two counts of manslaughter by intoxication. Prior to sentencing, defendant filed a motion to strike prior convictions, alleging that at the time he pleaded guilty to fourteen prior traffic offenses he was not represented by counsel nor had he waived his right to counsel. These allegations were supported by an affidavit of defendant and by defendant's testimony at the sentencing hearing.
The trial court included points on the guidelines scoresheet for nine of the fourteen prior convictions, finding that in those nine cases defendant had no right to counsel because he was not subject to imprisonment of more than six months nor did he actually spend any time in jail on those charges.
The trial court also included points on the scoresheet for legal constraint after finding that defendant was on probation at the time he committed the offenses for which he was being sentenced. The certified court records indicated that defendant had previously been given a term of probation which would have extended through the time of the current offenses. Defendant testified, however, that his probation had been terminated early. The trial court stated that defendant's testimony in this regard was "a bit confusing and not sufficient enough to allow me to conclude that he was off probation... ."
The recommended sentence under the guidelines scoresheet was twelve to seventeen years imprisonment. The trial court departed from the scoresheet and imposed consecutive sentences of twelve and eight years for the two convictions. As the basis for the departure, the trial court stated, "The Defendant's lengthy record of convictions for traffic offenses demonstrates his inability to obey the law. His driving represents a serious danger to the safety of pedestrians and other motorists. This indicates a pattern of dangerous activity posing a threat to the safety of others." At the sentencing hearing the trial court stated that defendant's nine prior convictions already scored on the scoresheet were not *1378 being considered as reasons for departure, but that the five other prior convictions plus three prior traffic offenses were being so considered.
On appeal defendant first contends that the trial court erred in scoring the nine prior convictions which were alleged to have been uncounseled. Defendant cites Smith v. State, 498 So.2d 1009, 1010 (Fla. 2d DCA 1986), in which this court stated, "An uncounseled conviction may not be used to enhance a sentence on a subsequent conviction unless the defendant waived his right to counsel. Pilla v. State, 477 So.2d 1088 (Fla. 4th DCA 1985)." Pilla makes a similar statement in holding that uncounseled convictions could not be used to enhance a sentence on a subsequent conviction unless the defendant waived his right to counsel. Pilla cited Baldasar v. Illinois, 446 U.S. 222, 100 S.Ct. 1585, 64 L.Ed.2d 169 (1980).
In Baldasar defendant was charged with petit theft. The state attempted to enhance that charge by producing evidence of a prior petit theft conviction. The defendant claimed that he had not been represented by counsel in the prior conviction. It must be noted that as to that prior conviction, the defendant was subject to a jail sentence although he was not actually sentenced to jail. The Supreme Court split 4-1-4 on the issue of using the prior uncounseled conviction for enhancement purposes. The four member plurality held that the uncounseled conviction could not be so used because to do so would violate the rule in Scott v. Illinois, 440 U.S. 367, 99 S.Ct. 1158, 59 L.Ed.2d 383 (1979). The four dissenting judges held that the prior conviction was constitutional under Scott v. Illinois and could be used for enhancement. In a concurring opinion, Justice Blackmun followed the approach he had previously announced in his dissenting opinion in Scott and concluded that since Baldasar, under Justice Blackmun's approach, had a right to counsel as to the prior misdemeanor conviction because he was prosecuted for an offense punishable by more than six months imprisonment, his prior conviction could not be used for enhancement. See the discussion of Baldasar in Allen v. State, 463 So.2d 351, 357-59 (Fla. 1st DCA 1985).
The central fact which distinguishes Baldasar from the instant case is that as to the prior prosecution Baldasar was subject to a jail sentence of more than six months, although he did not actually receive a jail sentence. In contrast, in this case, for the nine prior convictions which the trial court scored on the guidelines scoresheet, defendant was not subject to a jail sentence of more than six months and in fact did not spend any time in jail on those convictions.
Thus, it appears that the statement that an "uncounseled conviction may not be used to enhance a sentence on a subsequent conviction unless the defendant waived his right to counsel" cannot be used as a general rule without looking to the specific facts of each case. The key is that an uncounseled conviction may not be used for enhancement if the defendant in fact had a right to counsel in the prior proceedings. Thus, the trial court in this case was correct in concluding that nine of defendant's 14 prior convictions could properly be scored because those nine convictions occurred in proceedings in which defendant did not have a constitutional right to counsel because he was not subject to a jail term of more than six months and did not serve any time in jail on those charges.
Defendant also contends that the trial court erred in including points for legal constraint after making a finding that defendant was on probation at the time of the offenses to which he pleaded guilty in this case. We disagree. That finding is supported by certified copies of court records which show that defendant's term of probation was to extend past the time of the offenses in this case. The finding is contradicted by the defendant's testimony that his probation had been terminated early. However, the trial court heard the testimony and considered all the evidence *1379 before making its finding. This court will not disturb the trial court's decision by reweighing the evidence.
Defendant's final contention is that the trial court erred in departing from the guidelines sentence based upon "defendant's lengthy record of convictions for traffic offenses" which the trial court found demonstrated defendant's "inability to obey the law" and which showed that defendant's driving represented "a serious danger" to others. Defendant contends that this reason is improperly based upon prior convictions which were uncounseled.
As noted above, the trial court stated that it did not consider the nine prior convictions scored on the scoresheet as a reason for departure. As to the other five prior convictions, which were not scored on the scoresheet and which the trial court did consider, these appear to have constituted an invalid reason for departure because they were uncounseled convictions and defendant apparently did have a right to counsel in those proceedings. As discussed above, Baldasar and the other cited cases require that those five uncounseled convictions not be used for any enhancement of a sentence, such as a departure from the recommended guidelines sentence.
But there were additionally three traffic infractions for careless driving which the trial court considered as a reason for departure. The state maintains that a departure based upon those infractions is supported by Young v. State, 488 So.2d 114 (Fla. 1st DCA 1986), while the defendant contends that Young is distinguishable. The trial court was specifically considering Young when it made its decision to depart and read the entire Young opinion into the record at the sentencing hearing.
Contrary to the defendant's contention, we conclude that Young supports the departure in this case. It is true that in Young the defendant had 14 prior infractions, while there are only three in this case, and it is also true that two of Young's infractions occurred within weeks of the offenses for which he was being convicted, which is not the situation here. However, another important factor in Young was the similarity of the prior offenses to the offense for which defendant was being sentenced. In this case defendant contends that his three prior careless driving offenses are not similar to the convictions for manslaughter by intoxication. We disagree. Those prior offenses were a similar type of offense, as opposed to, for example, failure to have a proper driver's license or proper license tags, which would be quite different from manslaughter by intoxication.
Accordingly, while finding that the scoresheet was properly calculated, we reverse the departure sentence because the state has not shown beyond a reasonable doubt that the trial court would have departed based merely on the three civil infractions and excluding the five uncounseled convictions which were improperly considered. See Albritton v. State, 476 So.2d 158 (Fla. 1985).
Affirmed in part, reversed in part, and remanded for resentencing.
SCHOONOVER, A.C.J., and THREADGILL, J., concur.