PER CURIAM.
We affirm the defendant’s conviction, but reverse the sentence and remand for resentencing consistent with this opinion.
The defendant argued that the trial court improperly calculated his total score on the sentencing guidelines scoresheet by including 17 points from previous misdemeanor convictions which were allegedly uncounseled. When a defendant alleges that a prior conviction was uncounseled, the state must show that the defendant was represented by counsel or that defendant waived his right to counsel. Harrell v. State, 469 So.2d 169 (Fla. 1st DCA 1985).
In the instant case, the state offered certified copies of 3 of the defendant’s pri- or convictions to prove that they were counseled. With respect to the remaining 14 points, however, the state failed to satisfy its burden of showing that those convictions were counseled, or that the defendant had waived the right to counsel on those convictions.
*106 Nonetheless, the points from defendant’s previous convictions may be used to enhance the defendant’s sentence on this conviction if the defendant did not have a right to counsel in the prior proceedings. See, e.g., Leffew v. State, 518 So.2d 1376 (Fla. 2d DCA 1988); Hamm v. State, 521 So.2d 354 (Fla. 2d DCA 1988). Therefore, in reversing this sentence, we remand with instructions to resentence the defendant after determining whether the defendant in fact had a right to counsel with respect to the 14 allegedly uncounseled convictions, and if so, whether those convictions were counseled or the right to counsel was waived.
AFFIRMED IN PART; REVERSED IN PART, AND REMANDED WITH INSTRUCTIONS.
LETTS, DELL and GUNTHER, JJ., concur.