WARNER, Judge.
Since we must accept as true the sworn allegations of the motion which was filed pursuant to Florida Rule of Criminal Procedure 3.850 where they are not conclusively refuted by the record, Harich v. State, 484 So.2d 1239 (Fla.1986), we reverse the trial court’s order summarily denying appellant’s motion for post-conviction relief and remand for further proceedings on the motion. Neither the trial court’s order, the response by the state, nor anything in the record submitted to us on appeal even mentions, let alone conclusively refutes, these allegations of the motion charging ineffective assistance of trial counsel in failing to investigate and call witnesses who would substantially impeach the victim’s testimony. See Williams v. State, 447 So.2d 442 (Fla. 5th DCA 1984). Furthermore, appellant claims that uncounselled prior convictions were improperly used in the guidelines scoresheet. See Cooper v. State, 538 So.2d 105 (Fla. 4th DCA 1989). If the sentence was enhanced for this reason, then appellant has stated a ground for relief from an illegal sentence. Since the record does not conclusively refute this allegation, summary denial of the motion was improper. Hyder v. State, 526 So.2d 780 (Fla. 2d DCA 1988). The remaining points in appellant’s motion are without merit.
*780 We therefore remand to the trial court either for an attachment to the order of portions of the record conclusively refuting these allegations or to hold an evidentiary hearing thereon.
Reversed and remanded for further proceedings.
HERSEY, C.J., and STONE, J., concur.