PER CURIAM.
We reverse Joseph Beach’s sentence because it was based on sentencing guidelines calculations under Rule 3.701, Florida Rules of Criminal Procedure, that included three misdemeanor convictions that appellant contends were obtained without counsel or a knowing waiver of the right to counsel. We hold that his affidavit was sufficient to place these facts in issue and require the state to bear the burden of showing the contrary. State v. Troehler, 546 So.2d 109 (Fla. 4th DCA 1989); Smith v. State, 498 So.2d 1009 (Fla. 2d DCA 1986). Accordingly, we remand for resen-tencing with leave to give the state an opportunity to prove that the prior convictions were either counseled or that counsel was knowingly waived. Oldacre v. State, 509 So.2d 1343 (Fla. 1st DCA 1987). We certify the following question to be of great public importance for purposes of review by the supreme court:
IS THE DEFENDANT’S STATEMENT UNDER OATH THAT HE WAS NOT PROVIDED NOR OFFERED COUNSEL AT THE PROCEEDINGS RESULTING IN PRIOR CONVICTIONS SUFFICIENT TO PUT THE STATE TO THE BURDEN OF PROVING THAT SUCH CONVICTIONS WERE IN FACT COUNSELED OR THAT COUNSEL WAS KNOWINGLY WAIVED?
We find no error in the trial court’s inclusion of 30 points for legal constraint because the record shows that appellant did not clearly dispute the fact represented in the PSI report that he was on probation at the time he committed the charged offense.
REVERSED AND REMANDED.
BOOTH, SMITH and ZEHMER, JJ., concur.