584 So.2d 1110 (1991)
Bruce W. ROCK, Appellant,
v.
STATE of Florida, Appellee.
No. 90-2220.
District Court of Appeal of Florida, First District.
August 21, 1991.
*1111 Clyde M. Collins, Jr., Jacksonville, for appellant.
Robert A. Butterworth, Atty. Gen., and Gypsy Bailey, Asst. Atty. Gen., for appellee.

ON MOTION FOR CERTIFICATION
ERVIN, Judge.
Appellant, Bruce W. Rock, seeks review of an order revoking his probation. He claims that the trial court erred in revoking probation for violation of a special condition imposed contrary to the dictates of Section 948.06, Florida Statutes (1987), in finding a violation of probation based on uncounseled misdemeanor convictions, and in failing to enter a written order indicating the specific conditions of probation that were violated. We find merit in all three arguments and therefore reverse and remand.
While appellant was serving a probationary sentence, the court entered an order modifying the terms and conditions of probation based upon a written acknowledgment and waiver that appellant had executed, wherein he waived his right to notice and a hearing and agreed to the addition of two proposed conditions to his probation. One of the conditions required appellant to "enroll in and successfully complete alcohol treatment program as directed by your Probation Officer." Subsequently, appellant's probation officer filed an affidavit for violation of probation, alleging that appellant had violated an original condition of his probation by being arrested on March 21, 1990, for trespassing, disorderly intoxication, and resisting arrest without violence, and that appellant had violated the newly added condition by failing to attend an alcohol treatment program. After a hearing, the court revoked appellant's probation, *1112 adjudicated him guilty of the underlying offense, and sentenced him to thirty months of incarceration.
In regard to appellant's alleged violation of the condition that he complete an alcohol treatment program, it is undisputed that the court failed to comply with the procedures set forth in section 948.06 when it added that condition to appellant's probation. This was error, and Clark v. State, 579 So.2d 109 (Fla. 1991), mandates that the modification order and the revocation order based thereon be vacated. See also Holcombe v. State, 553 So.2d 1337 (Fla. 1st DCA 1989); Ford v. State, 553 So.2d 1340 (Fla. 1st DCA 1989).
In regard to the violation based upon appellant's subsequent arrest, the only evidence presented at the revocation hearing was the testimony of appellant and his probation officer. The probation officer merely testified that she received a booking report indicating that appellant had been arrested. The law is well established that it is improper to permanently revoke probation based solely on proof that a probationer has been arrested. Hines v. State, 358 So.2d 183, 185 (Fla. 1978). Moreover, the booking report was hearsay, and probation cannot be revoked solely on hearsay evidence. Purvis v. State, 397 So.2d 746, 747 (Fla. 5th DCA 1981).
As for appellant's testimony, although he admitted he had been arrested and that he had pleaded guilty so as to receive time served, he denied his guilt and further alleged he was not represented in connection with those convictions. While a conviction based upon a probationer's plea of nolo or guilty is a lawful basis for revocation of probation, Maselli v. State, 446 So.2d 1079, 1080-81 (Fla. 1984), an uncounseled plea for which there is no waiver of counsel will not support probation revocation, Harrell v. State, 469 So.2d 169, 171 (Fla. 1st DCA), review denied, 479 So.2d 118 (Fla. 1985). Here, once appellant produced evidence that he was unrepresented in connection with those convictions, it became the state's burden to show that appellant was in fact represented or that counsel was available but validly waived. Id.[1] The state failed to do so. Consequently, that portion of the revocation order based upon appellant's uncounseled convictions must be reversed and the matter remanded for new hearing on the issue.[2]
In so saying, we note that this court in Beach v. State, 564 So.2d 614 (Fla. 1st DCA 1990), petition for review filed, No. 76,576 (Fla. Aug. 31, 1990), previously certified a question to the supreme court regarding whether a defendant's sworn statement is sufficient to shift the burden to the state to prove that the conviction was counseled or that counsel was validly waived. In accordance with Beach, we certify the following question to the supreme court as one of great public importance:
IS THE DEFENDANT'S STATEMENT UNDER OATH THAT HE WAS NEITHER PROVIDED NOR OFFERED COUNSEL AT THE PROCEEDINGS RESULTING IN PRIOR CONVICTIONS SUFFICIENT TO PUT THE STATE TO THE BURDEN OF PROVING THAT SUCH CONVICTIONS WERE IN FACT *1113 COUNSELED OR THAT COUNSEL WAS KNOWINGLY WAIVED?
Because neither of the grounds for entry of the revocation order was proper, the order must be reversed. Consequently, appellant's third issue, the failure of the trial court to state in the revocation order the specific violations found, is moot. Because, however, the order is indeed insufficient, see Knight v. State, 566 So.2d 339, 340 (Fla. 1st DCA 1990), we caution the trial court on remand, should it find once again that appellant violated the terms of his probation, to enter an order reciting the specific violations.
REVERSED and REMANDED for further proceedings consistent with this opinion.
ZEHMER and MINER, JJ., concur.
NOTES
[1] We find no merit in appellee's argument that Allen v. State, 463 So.2d 351 (Fla. 1st DCA 1985), controls. Allen involved the burden of proof required for a defendant's motion to dismiss and therefore has no application to probation revocation proceedings. We likewise find no merit in appellee's argument that Harrell was receded from sub silentio in Kearse v. State, 501 So.2d 80 (Fla. 1st DCA 1987). First, Kearse did not involve probation revocation proceedings. Second, Kearse is distinguishable from Harrell in that the former involved a defendant who failed to produce evidence showing that he was unrepresented or that he had not waived the right to counsel, while the later involved a defendant who did produce such evidence. For continuing application of the Harrell rule, see Oldacre v. State, 509 So.2d 1343 (Fla. 1st DCA 1987).
[2] On remand, if the state intends to rely on those three convictions, it must produce evidence that appellant was represented or that he validly waived counsel. Harrell, 469 So.2d at 171. The state may, however, prove the violation of probation based upon evidence of less than a formal conviction or evidence sufficient to support a criminal conviction. Bernhardt v. State, 288 So.2d 490 (Fla. 1974). In that event, the state is required to produce evidence, the preponderance of which shows that appellant committed the offenses in question.