OPINION ON REMAND
PER CURIAM.
The Supreme Court of Florida accepted jurisdiction and reviewed the question certified in our prior opinion filed on July 31, 1990, in this case.[1] Beach v. State, 564 So.2d 614 (Fla. 1st DCA 1990). The su *1213 preme court’s opinion, reported at 592 So.2d 237 (Fla.1992), answered the certified question in the negative, disapproved our decision, and remanded “with leave for Beach to file an amended motion to correct his guidelines scoresheet” as the court was “unable to determine whether Beach was entitled to counsel in his prior convictions because the record does not indicate the possible punishments which Beach faced.” Id. at 239-40. Accordingly, it is ordered that the judgment and opinion of this court filed July 31,1990, be set aside and held for naught, that the opinion and judgment of the Supreme Court of Florida filed January 2, 1992, be adopted as the opinion and judgment of this court, and that it, together with this opinion, be remanded to the circuit court for further proceedings in accordance therewith.
BOOTH and SMITH, JJ., concur.
ZEHMER, J., specially concurs with written opinion.

. The question certified was phrased in light of the inclusion of certain misdemeanor convic *1213 tions on the sentencing guidelines scoresheet and read:
IS THE DEFENDANTS STATEMENT UNDER OATH THAT HE WAS NOT PROVIDED NOR OFFERED COUNSEL AT THE PROCEEDINGS RESULTING IN PRIOR CONVICTIONS SUFFICIENT TO PUT THE STATE TO THE BURDEN OF PROVING THAT SUCH CONVICTIONS WERE IN FACT COUNSELED OR THAT COUNSEL WAS KNOWINGLY WAIVED?
Beach, 564 So.2d at 614.