605 So.2d 456 (1992)
STATE of Florida, Petitioner,
v.
Bruce W. ROCK, Respondent.
No. 78560.
Supreme Court of Florida.
September 24, 1992.
*457 Robert A. Butterworth, Atty. Gen., James W. Rogers, Sr. Asst. Atty. Gen. and Wendy S. Morris, Asst. Atty. Gen., Tallahassee, for petitioner.
Clyde M. Collins, Jr., Jacksonville, for respondent.
HARDING, Justice.
We have for review Rock v. State, 584 So.2d 1110 (Fla. 1st DCA 1991), in which the First District Court of Appeal certified the following question to be of great public importance:
IS THE DEFENDANT'S STATEMENT UNDER OATH THAT HE WAS NEITHER PROVIDED NOR OFFERED COUNSEL AT THE PROCEEDINGS RESULTING IN PRIOR CONVICTIONS SUFFICIENT TO PUT THE STATE TO THE BURDEN OF PROVING THAT SUCH CONVICTIONS WERE IN FACT COUNSELED OR THAT COUNSEL WAS KNOWINGLY WAIVED?
Id. at 1112-13. We have jurisdiction pursuant to article V, section 3(b)(4), Florida Constitution. We answered the same question in the negative in State v. Beach, 592 So.2d 237 (Fla. 1992).
Bruce W. Rock (Rock) pled nolo contendere to the offense of leaving the scene of an accident. The trial court withheld adjudication of guilt and placed Rock in the community control program for six months, followed by thirty months of probation. While Rock was serving this probationary sentence, the court entered an order modifying the terms and conditions of probation based upon a written acknowledgment and waiver whereby Rock waived his right to notice and a hearing and agreed to additional conditions of probation. One of these conditions required Rock to complete an alcohol treatment program. Subsequently, Rock's probation officer filed an affidavit stating that Rock had violated an original condition of his probation based upon his arrest for the offenses of trespassing, disorderly intoxication, and resisting arrest without violence, and that Rock had violated the new condition by failing to attend an alcohol treatment program. After a violation of probation hearing, the trial court revoked Rock's community control, adjudicated him guilty of the underlying *458 offense, and sentenced him to thirty months' incarceration.
On appeal, the First District Court of Appeal determined that the lower court failed to comply with the necessary statutory procedures when it added attendance of an alcohol treatment program as a condition of Rock's probation. Thus, the district court concluded that the modification order and the revocation order thereon must be vacated. We agree with that conclusion. See Clark v. State, 579 So.2d 109 (Fla. 1991).
The district court also noted that Rock testified that he was not represented in connection with the three convictions and concluded that the State failed to carry its burden by showing that Rock was in fact represented or that counsel was available but validly waived. 584 So.2d at 1112. Consequently, the district court reversed that portion of the revocation order based upon Rock's uncounseled convictions and remanded for a new hearing on the issue. Id. The district court also certified the same question presented in Beach as a question of great public importance. Id. at 1112-13.
Although we agree with the district court that an uncounseled guilty plea will not support the revocation of probation if there is no waiver of counsel, we do not agree with the court's conclusion that a defendant's sworn statement that prior convictions were uncounseled is sufficient to shift the burden to the State to prove either that the convictions were counseled or that counsel was knowingly waived.
The only evidence presented at Rock's revocation hearing was the testimony of Rock and his probation officer. The probation officer testified that Rock was convicted of the three offenses and received concurrent sentences of five days. Rock testified that he had not been represented by counsel on these charges, but he made no comment regarding whether he knowingly and voluntarily waived his right to counsel. This testimony was not sufficient to shift the burden to the State. As this Court stated in Beach, the defendant must assert four facts under oath in order to shift the burden to the State: 1) that the offense involved was punishable by more than six months of imprisonment or that the defendant was actually subjected to a term of imprisonment; 2) that the defendant was indigent, and thus, entitled to court-appointed counsel; 3) that counsel was not appointed; and 4) that the right to counsel was not waived. Beach, 592 So.2d at 239. The State concedes in its brief that Rock was entitled to counsel at the prior proceedings.[1] However, Rock never asserted that he was entitled to court-appointed counsel based upon indigency; nor did he state that he did not waive his right to counsel. Thus, the district court improperly concluded that upon remand the State must bear the burden of proving that Rock was represented by counsel or that he validly waived counsel. 584 So.2d at 1112 n. 2. However, in accordance with Beach, upon remand Rock may assert under oath any additional facts which would shift the burden to the State.
Accordingly, we approve in part and disapprove in part the decision of the district court. As in Beach, we answer the certified question in the negative and remand for proceedings consistent with Beach and this opinion.
It is so ordered.
BARKETT, C.J., and OVERTON, McDONALD, SHAW, GRIMES and KOGAN, JJ., concur.
NOTES
[1] The State notes that Rock served five days in the Duval County Jail on the three offenses in question. The State also notes that the offenses of trespassing and resisting an officer are punishable by more than six months' imprisonment. See § 775.082(4)(a), Fla. Stat. (1989) (first-degree misdemeanor punishable by term of imprisonment not exceeding one year).