620 So.2d 1126 (1993)
Ladon Maurice GREEN, Appellant,
v.
STATE of Florida, Appellee.
No. 92-1450.
District Court of Appeal of Florida, First District.
July 2, 1993.
*1127 Nancy A. Daniels, Public Defender, and P. Douglas Brinkmeyer, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., and Wendy S. Morris, Asst. Atty. Gen., Tallahassee, for appellee.

ON MOTION FOR CLARIFICATION
JOANOS, Judge.
The state seeks clarification of certain language in our opinion as it pertains to a probationer's duty to demonstrate an inability to comply with the various monetary conditions of probation. We grant the motion for clarification, and substitute the following for the opinion filed December 31, 1992.
Appellant, Ladon Maurice Green, challenges the revocation of his probation, based on the trial court's finding that appellant violated five conditions of his probation. We reverse.
Appellant pled nolo contendere to one count of burglary and two counts of criminal mischief, for which he was placed on probation for one year. Several special conditions of probation were required. Among others, appellant was directed to pay restitution in the amount of $1,000.00 to the victim, his ex-wife; to perform fifty hours of community service; and to pay court costs of $220.00. Subsequently, an affidavit of violation of probation was filed, charging that appellant violated: condition two of his probation, in that he was $120.00 in arrears in payment of costs of supervision; condition five of his probation, in that he was arrested and charged with grand theft; condition nine of his probation, in that he was $110.00 in arrears in payment of court costs; condition ten of his probation, in that he had completed none of his required community service; and condition eleven of his probation, in that he was $500.00 in arrears in payment of his restitution.[1]
At the hearing on the affidavit of violation of probation, the testimony of appellant's *1128 probation officer indicated that she met with appellant on November 6, 1991, to instruct him on his probation orders. As of the date of the hearing, appellant had made no payments on any of the monetary obligations of his probation, and had performed no community service hours. Over a hearsay objection, the probation officer was permitted to testify that appellant violated condition five, in that an arrest report mailed to the probation officer by a court employee indicated appellant had been arrested.
During cross examination, the probation officer acknowledged that she knew appellant had been unemployed during the entire period of his probation. On November 6, 1991, when the probation officer set up the payment schedule for court costs and restitution, she did so even though she knew appellant was still unemployed. The monthly costs of appellant's supervision were waived for September and October 1991, but costs were not waived for the following months, even though the probation officer recognized that the rules permitted continued waiver for one without ability to pay. According to the probation officer's testimony, appellant kept the appointment with a job service counselor made for him by his probation officer, and he complied with his obligations under the probation order to submit monthly reports and to keep appointments with his probation officer.
Appellant testified that he was unemployed at the time he was placed on probation. When he was released from county jail, after his arrest for the burglary and criminal mischief charges, appellant lived with his ex-wife, because he was without financial means to live elsewhere. Appellant stated he was paying court-ordered child support of $320.00 per month. Although appellant realized he would have to pay court costs, he maintained he did not know he would have to pay supervision costs of $40.00 per month.[2] Appellant further stated he knew he was supposed to perform community service hours, but no one specified the minimum number of hours he was supposed to perform each month, or the service he was to perform. Appellant said he searched for jobs during the entire period. Although his probation officer wanted him to file a record of job contacts with her, appellant did not do so, because he was filing job contact lists with the unemployment office as a condition of collecting unemployment compensation benefits.
The trial court revoked probation as to condition five, finding the state established through hearsay that appellant had been arrested on March 3, 1992, and appellant failed to explain or refute the hearsay. As to condition ten, the trial court concluded that since appellant was unemployed, he had sufficient opportunity to complete his community service hours. After observing that violation of conditions five or ten alone, would be sufficient to revoke probation, the trial court further stated:
The court also finds that he violated condition 11 by not making any payments on restitution; condition 9 by not paying $220 felony cost; and condition 2 by not paying his cost of supervision. The court finds that he did have the *1129 ability to pay. Mr. Green took the stand and testified that he was drawing unemployment compensation benefits throughout the whole period of time we were talking about, so he was not without income, not without funds, he just chose not to use them as ordered by the court.
Based upon these findings, probation was revoked and appellant was sentenced to serve one year in county jail, with credit for time served.
Provisions dealing with the monetary conditions of probation are set forth in section 948.06(4), Florida Statutes (1991), which provides in part:
In any hearing in which the failure of a probationer... to pay restitution or the cost of supervision as provided in s. 948.09, as directed, is established by the state, if the probationer or offender asserts his inability to pay restitution or the cost of supervision, it is incumbent upon him to prove by clear and convincing evidence that he does not have the present resources available to pay restitution or the cost of supervision despite sufficient bona fide efforts legally to acquire the resources to do so. If the probationer ... cannot pay restitution or the cost of supervision despite sufficient bona fide efforts, the court shall consider alternate measures of punishment other than imprisonment... .
To warrant a revocation of probation for failure to comply with the monetary conditions of a probation order, the state is required to show that the violation was willful. Jordan v. State, 610 So.2d 616 (Fla. 1st DCA 1992). Once a willful violation has been shown, the burden shifts to the probationer to show by clear and convincing evidence that he or she did not have the ability to pay. Morgan v. State, 491 So.2d 326, 327 (Fla. 1st DCA 1986); Guardado v. State, 562 So.2d 696 (Fla. 3d DCA), review denied, 576 So.2d 287 (Fla. 1990); Word v. State, 533 So.2d 893 (Fla. 3d DCA 1988).
Any probation violation sufficient to trigger revocation "must be substantial and the willful and substantial nature of the violation must be supported by the greater weight of the evidence." Johnson v. State, 561 So.2d 1254, 1255 (Fla. 2d DCA 1990). Accord Washington v. State, 579 So.2d 400, 402 (Fla. 5th DCA 1991). It is incumbent upon the state to establish that a defendant willfully violated the terms of his probation. Jacobsen v. State, 536 So.2d 373 (Fla. 2d DCA 1988). See also Yancey v. State, 547 So.2d 1040, 1042 (Fla. 1st DCA 1989) (revocation of probation for violation of condition requiring probationer to submit himself for mental health evaluation and treatment of his diagnosed needs reversed, where facts indicated that mental health center failed to evaluate the probationer and to develop a suitable program).
Furthermore, probation cannot be revoked solely on the basis of hearsay. Rock v. State, 584 So.2d 1110, 1112 (Fla. 1st DCA 1991), approved in part, disapproved in part on other grounds by State v. Rock, 605 So.2d 456 (Fla. 1992); Purvis v. State, 397 So.2d 746, 747 (Fla. 5th DCA 1981). See also Glass v. State, 597 So.2d 984 (Fla. 1st DCA 1992). By the same token, it is improper to revoke probation based solely upon proof that the probationer was arrested. Hines v. State, 358 So.2d 183, 185 (Fla. 1978); Rock, 584 So.2d at 1112.
In the instant case, appellant's unrefuted testimony, corroborated in part by the probation officer, demonstrates that appellant made bona fide efforts to acquire employment in order to meet the monetary obligations of his probation. Appellant was unemployed when he was placed on probation, and continued so during the succeeding five months, until his probation was revoked. The record reflects that appellant engaged in a continuing job search throughout this five-month period, as evidenced by his receipt of unemployment compensation benefits during the relevant time period.[3] The probation officer's testimony *1130 established that appellant cooperated with her efforts to help him become employed. Further, appellant testified without contradiction that his court-ordered child support payments exceeded his unemployment benefits. While it is undisputed that during the first five months of his probation, appellant failed to pay any of the monetary conditions of his probation, the record demonstrates that he made bona fide efforts to acquire the resources to do so. Therefore, pursuant to section 948.06(4), it was incumbent upon the trial court to consider a sanction other than imprisonment, with respect to appellant's failure to comply with the monetary conditions of his probation. See Hewett v. State, 613 So.2d 1305 (Fla. 1993). In addition, the record reflects that the trial court delegated the determination of the amount of payments to the probation officer. This was improper. See Jordan, 610 So.2d at 618.
Similarly, the record in this case will not support a finding that appellant willfully failed to comply with the community service condition of his probation. Appellant was directed to perform fifty hours of community service during the one-year period of his probation. However, he was never advised that a minimum number of hours were required to be performed each month in order to comply with this condition, nor was he advised as to the particular community service he was to perform in order to satisfy this condition. It is clear that the fifty hours of community service were capable of performance in the seven months remaining of the period of appellant's probation, once the service to be performed was identified. In other words, we conclude that appellant's violation of the condition of probation requiring performance of fifty hours of community service did not rise to the level of willfulness that would warrant revocation of his probation.
We reach the same conclusion with regard to probation condition five requiring appellant to abide by the law. The only evidence offered in support of this violation was hearsay. Since probation cannot be revoked solely on the basis of hearsay evidence, it would be improper to revoke probation on the basis of condition five alone.
Accordingly, the order revoking appellant's probation is reversed, and this cause is remanded for further proceedings.
MICKLE and WEBSTER, JJ., concur.
NOTES
[1] More specifically, the amended affidavit of violation of probation at issue in this case alleged that appellant violated five conditions of his probation in the following manner:

The aforesaid violated Condition (2) of his probation order which states, "You will pay to the State of Florida the amount of $40.00 per month toward the cost of your supervision unless otherwise waived in compliance with Florida Statutes.", in that ... the aforesaid is $120.00 in arrears towards Cost of Supervision payments.
The aforesaid violated Condition (5) of his probation order which states, "You will live and remain at liberty without violating any law. A conviction in a court of law shall not be necessary in order for such a violation to constitute a violation of your probation.", in that the aforesaid was contacted on 3/3/92 ... The aforesaid was seen leaving the scene of a burglary at 2120 Corporate Square Boulevard. The aforesaid was stopped and was carrying a bag containing a firearm stolen from the burglary... .
The aforesaid violated Special Condition (9) of his probation order which states, "You will pay $200.00 felony court cost and $20.00 Crimes Compensation Trust Fund as directed by your probation officer by and through the Department of Corrections.", in that... the aforesaid has made no payments towards this monetary obligation. According to the aforesaid's monthly payment plan, the aforesaid's agreed monthly payments are $22.00 per month. Payments were to commence on September 5, 1991. The aforesaid is currently $110.00 in arrears towards this monetary obligation.
The aforesaid violated Special Condition (10) of his probation order which states, "You will perform 50 hours of community service as directed [by] your probation officer by and through the Department of Corrections.", in that to date, the aforesaid has completed 0 hours of community service.
The aforesaid violated Special Condition (11) of his probation order which states, "You will pay restitution to the victim in the amount of $1,000.00 as directed by your probation officer by and through the Department of Corrections to be paid prior to payment of court cost.", in that to date, the aforesaid has made no payments towards this monetary obligation. According to the aforesaid's monthly payment plan, the aforesaid's agreed monthly payments are $100.00 a month towards this monetary obligation. Payments were to commence on September 5, 1991. The aforesaid is currently $500.00 in arrears towards this monetary obligation.
[2] In this regard, appellant stated, "otherwise, I wouldn't have accepted the probation, because I knew I didn't have no means of being able to pay the $40 a month. I thought it was $220 a month and I had until a year to perform paying it, $220 a month."
[3] A job search is a prerequisite to receipt of unemployment benefits. See §§ 443.091 and 443.101, Fla. Stat. (1991).