422 So.2d 1052 (1982)
George J. ARNSTEIN, Petitioner,
v.
Ethel J. ARNSTEIN, Respondent.
No. 82-877.
District Court of Appeal of Florida, Fourth District.
December 1, 1982.
*1053 Richard S. Russell, Deerfield Beach, for petitioner.
No appearance for respondent.
HERSEY, Judge.
Petitioner seeks certiorari review of an order quashing service of process. In dissolution proceedings petitioner inappropriately chose to effect personal service on his wife in New Jersey under the Long-Arm Statute. § 48.193(e) Fla. Stat. (1981). The wife is not now and never has been a resident of the State of Florida, making publication the statutorily designated mode of obtaining service of process. Unquestionably the court does not have personal jurisdiction over the wife. On the other hand, the court does have subject matter jurisdiction over these dissolution proceedings; it is indisputable that the wife has had adequate notice forestalling any due process attack on the final judgment and we have no indication that the court intends to (and of course it could not) adjudicate questions of alimony or division of property, requiring personal jurisdiction over the absent wife.
In view of the foregoing there is no impediment to continuing with the dissolution proceedings on the basis of in rem jurisdiction and adequate notice to the absent wife.
Responding to the concerns of the special concurring opinion, Section 49.011 Florida Statutes (1981) provides that service of process "by publication may be made in any court on any person mentioned in s. 49.021, in any action ... (4) For dissolution ... of marriage; ..." The section referred to (§ 49.021) provides that service may be by publication "Where personal service of process cannot be had, ..." This would appear to contemplate personal service of process in preference to or at least as the substantial equivalent of service by publication when the current address of the party to be served is known. In either event the purpose of service under these circumstances is not to acquire or exercise jurisdiction. It is to give notice in a due process sense so that the method selected should be one reasonably calculated to bring the proceedings to the attention of the party upon whom service is sought. Personal service, when feasible, seems admirably suited to accomplish that purpose.
Accordingly, we reverse the order quashing service of process and remand for further appropriate proceedings.
WRIT OF CERTIORARI GRANTED.
BERANEK, J., concurs.
ANSTEAD, J., concurs specially with opinion.
ANSTEAD, J., specially concurring:
I agree that the service of process authorized by the majority makes eminent good sense. My concern, however, is that we may be encroaching upon the legislature's domain. Service of process is controlled by legislation. Personal service of process on out-of-state residents does not appear to be specifically authorized in dissolution actions. Section 48.193, Florida Statutes (1981). Constructive service is authorized. Section 49.011, Florida Statutes (1981). It is difficult for one to fault the trial court for requiring compliance with the legislative scheme. I would urge the legislature to formally approve personal service of process in dissolution cases where the party resides in Florida and the other in another state and only a dissolution is sought.