467 So.2d 1040 (1985)
Emir SHAMMAY, Appellant,
v.
Terry SHAMMAY, Appellee.
No. 84-2562.
District Court of Appeal of Florida, Third District.
March 26, 1985.
On Rehearing May 14, 1985.
Rehearing Denied June 17, 1985.
Whitman, Wolfe, Gross, Schaffel & Kramer and Douglas Kramer, Miami, for appellant.
Alboum & Furlong and Estelle Furlong, Miami Beach, for appellee.
Before BARKDULL, HUBBART and NESBITT, JJ.
PER CURIAM.
By this interlocutory appeal, we are asked to review a non-final order denying a motion to dismiss the complaint herein for lack of personal jurisdiction over the defendant. Fla.R.App.P. 9.130(a)(3)(C)(i). The complaint filed in this cause for dissolution of marriage against the defendant Emir Shammay, a non-resident of Florida, fails to contain any allegations concerning the statutory basis authorizing service on the non-resident defendant as required by Fla.R.Civ.P. 1.070(i). The trial court therefore committed error in denying the motion *1041 to dismiss the complaint herein for failure to include these essential allegations of proper service. See White v. Kirsch, 427 So.2d 1119 (Fla. 3d DCA 1983). The order under review is reversed and the cause is remanded to the trial court with directions to dismiss the complaint with leave to amend; the defendant need not be re-served upon remand.
Reversed and remanded.

ON REHEARING OR CLARIFICATION
PER CURIAM.
The defendant Emir Shammay has filed a motion for rehearing or clarification and contends that the failure to adequately allege in the complaint the statutory basis authorizing service, as here, voids any service of process made upon him, Mouzon v. Mouzon, 458 So.2d 381, 383 (Fla. 5th DCA 1984), and that, consequently, he must be properly re-served upon remand. We entirely agree. The motion for rehearing is granted; the statement in the court's opinion that the defendant need not be re-served upon remand is stricken; and, upon remand, the defendant must be properly served in the event the complaint herein is properly amended.