487 So.2d 1109 (1986)
Arnold M. LANEY, Appellant,
v.
Marta S. LANEY, Appellee.
No. BF-257.
District Court of Appeal of Florida, First District.
April 4, 1986.
William H. Adams, III, of Mahoney, Adams, Milam, Surface & Grimsley, Jacksonville, for appellant.
W. Gregg McCaulie, Jacksonville, for appellee.
ERVIN, Judge.
Arnold Laney, the husband and a sergeant in the United States Army, appeals from an order denying his motion to vacate final judgment of dissolution pursuant to Florida Rule of Civil Procedure 1.540(b), contending that the court lacked personal jurisdiction over him. We reverse.
Appellant and appellee, his wife, separated in March 1982 while maintaining a residence in North Carolina. Shortly thereafter, appellee and the five minor children moved to Florida, while appellant remained in North Carolina. On November 30, 1982, appellee filed a petition for dissolution of marriage in Florida, alleging that she has been a continuous, bona fide resident of the State of Florida for six months prior to the filing of her petition. In her petition, she sought (1) dissolution of the marriage, (2) temporary and permanent child support from the husband, (3) rehabilitative alimony, and (4) primary parental responsibility of the parties' minor children. The petition did not allege that Sgt. Laney had any contacts with the State of Florida. On December 8, 1982, appellant was served with process in North Carolina by a North Carolina deputy sheriff. Appellant did not appear in the circuit court, nor did he file any responsive pleading.
*1110 On January 11, 1983, the trial court appointed an attorney ad litem to represent appellant who was then on active military duty with the United States Army. Failure to appoint an attorney ad litem precludes a default judgment from being entered under the Soldiers' and Sailors' Civil Relief Act of 1940. See 50 U.S.C.A.App. § 520 (West 1981).
On March 31, 1983, the trial court entered a final judgment of dissolution of marriage by default, and, upon finding that it had jurisdiction over both the subject matter and parties, dissolved the parties' marriage, awarded the wife primary parental responsibility of the minor children, ordered the husband to pay $500 per month child support, and $100 per month rehabilitative alimony for 12 months. In so doing, the court announced that it was in receipt of an affidavit prepared by the court-appointed attorney, a Mr. Simpson, which recited that the attorney had made several attempts to contact the husband, and had spoken with him once in mid-January 1983. During their conversation, appellant informed Simpson that he had retained an attorney in North Carolina to represent him. Simpson in turn contacted the husband's North Carolina attorney and apprised him of the date of the trial on the wife's petition. His last contact with appellant's attorney occurred on March 21, 1983.[1]
On September 25, 1984,[2] the husband filed a motion to vacate the final judgment of dissolution, alleging that the trial court did not acquire personal jurisdiction over appellant;[3] therefore the judgment was void ab initio.
Florida's long arm statute, relevant to this case, Section 48.193(1) and (e) (1983), provides in pertinent part:
(1) Any person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits that person and, if he is a natural person, his personal representative to the jurisdiction of the courts of this state for any cause of action arising from the doing of any of the following:
* * * * * *
(e) With respect to proceedings for alimony, child support, or division of property in connection with an action to dissolve a marriage or with respect to an independent action for support of dependents, maintains a matrimonial domicile in this state at the time of the commencement of this action or, if the defendant resided in this state preceding the commencement of the action, whether cohabiting during that time or not. This paragraph does not change the residency requirement for filing an action for dissolution of marriage.
Florida law requires that a plaintiff plead sufficient material facts in his complaint to establish a basis for the exercise of personal jurisdiction. Bloom v. A.H. Pond Company, 519 F. Supp. 1162 (S.D.Fla. 1981); Nicolet, *1111 Inc. v. Benton, 467 So.2d 1046 (Fla. 1st DCA 1985); Caribe & Panama Investments v. Christensen, 375 So.2d 601 (Fla. 3rd DCA 1979). "Failure to adequately allege in the complaint a basis for long arm jurisdiction under 48.193 voids any service of process made pursuant to section 48.194, with the result that there ... [is] no in personam jurisdiction over the respondent husband." Mouzon v. Mouzon, 458 So.2d 381, 383 (Fla. 5th DCA 1984) (emphasis in original); see Kimbrough v. Rowe, 479 So.2d 867 (Fla. 5th DCA 1985); Shammay v. Shammay, 467 So.2d 1040 (Fla. 3rd DCA 1985) (on rehearing).
In the case at bar, the petition contained no allegations that would constitute a basis for personal jurisdiction over the non-resident husband. Specifically, the petition failed to allege that the parties had maintained a matrimonial domicile in the State of Florida at the time of the commencement of the action or that the husband resided in Florida preceding the commencement of the action. See 48.193(1)(e). Accordingly, the failure to allege any basis for long-arm jurisdiction voids the final judgment of dissolution.
Reversed.
WIGGINTON, J., and McCORD, GUYTE P., Jr. (Ret.), Associate Judge, concur.
NOTES
[1] The appointment of an attorney ad litem under the Soldiers' and Sailors' Relief Act of 1940, 50 U.S.C.A.App. § 520, does not constitute an "appearance" and thus is insufficient in and of itself to confer personal jurisdiction over the appellant. Compare Kramer v. Kramer, 668 S.W.2d 457 (Texas Ct.App. 1984) (husband's letter to the trial court stating his inability to appear because of his military status and the appointment of an attorney ad litem minutes before trial do not constitute an answer and appearance to confer personal jurisdiction over him). Moreover, 50 U.S.C.A.App. § 520(3) states in part: "[N]o attorney appointed under this Act ... to protect a person in military service shall have power to waive any right of the person for whom he is appointed or bind him by his acts." (e.s.)
[2] Although the motion to vacate judgment was filed more than a year and a half from the date of judgment of dissolution, it is well recognized that in situations wherein the judgment is void for lack of in personam jurisdiction, a motion under Florida Rule of Civil Procedure 1.540(b) may be filed more than one year after date of judgment. DeClaire v. Yohanan, 453 So.2d 375, 379 (Fla. 1984); see also, Gonzalez v. Totalbank, 472 So.2d 861 (Fla. 3rd DCA 1985); Chang v. Chang, 469 So.2d 829 (Fla. 5th DCA 1985).
[3] The wife failed to serve her husband with constructive process pursuant to Chapter 49.