495 So.2d 904 (1986)
Barbara S. HARGRAVE, Appellant,
v.
John W. HARGRAVE, Appellee.
No. BL-393.
District Court of Appeal of Florida, First District.
October 14, 1986.
Mark H. Scruby, of Scruby & Scruby, Orange Park, for appellant.
John Kopelousos, of Kopelousos, Head, Smith, Townsend & Metcalf, Orange Park, for appellee.
SHIVERS, Judge.
The jurisdictional issue in this case arises out of a divorce action which the appellee, *905 John W. Hargrave, commenced on October 16, 1985. Appellant Mrs. Hargrave appeals the trial court's denial of her motion to dismiss for lack of jurisdiction and to quash service of process. At issue in the instant case is whether failure to allege proper jurisdictional facts under section 48.193(1)(e) results in void service of process. We conclude that it does and reverse the trial court's denial of Mrs. Hargrave's motion.
Mr. and Mrs. Hargrave were married in Orange Park, Florida, in 1971, and have one child as a result of their marriage. Mr. Hargrave is a career dentist in the United States Navy. Sometime after their marriage in 1971, Mr. and Mrs. Hargrave moved to Bethesda, Maryland, where Mr. Hargrave was stationed at the Bethesda Naval Hospital. In his petition for dissolution of marriage, Mr. Hargrave stated that he had been a resident of Florida for six months prior to his filing for divorce.
Mr. Hargrave served his wife in Maryland on October 29, 1985, through use of a process server. In his petition, Mr. Hargrave sought a dissolution of marriage, division of property, and primary custody of the couple's only child, Jennifer. On November 19, 1985, Mrs. Hargrave by special appearance filed a motion to dismiss for lack of jurisdiction and to quash service of process. It is the trial court's denial of Mrs. Hargrave's motion which is at issue in this interlocutory appeal.
Section 48.193, Florida Statutes (1984), governs the instances in which an out-of-state party submits him or herself to the jurisdiction of a Florida court:
(1) Any person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits himself and, if he is a natural person, his personal representative to the jurisdiction of the courts of this state for any cause of action arising from the doing of any of the following acts:
* * * * * *
(e) With respect to proceedings for alimony, child support, or division of property in connection with an action to dissolve a marriage or with respect to an independent action for support of dependents, maintaining a matrimonial domicile in this state at the time of the commencement of this action or, if the defendant resided in this state preceding the commencement of the action, whether cohabiting during that time or not. This paragraph does not change the residency requirement for filing an action for dissolution of marriage.
We note initially that "the person invoking jurisdiction under ... [long-arm] statutes has the burden of proving facts which clearly justify the use of such method of service." Citizens State Bank v. Winters Government Securities Corp., 361 So.2d 760, 762 (Fla. 4th DCA 1978). A party seeking to effect service of process under section 48.193 must make specific allegations demonstrating sufficient jurisdictional facts. In particular, section 48.193 requires that a complaint must allege either that the defendant (the wife in this case) had resided in this state previous to the commencement of the action or that the parties had maintained a matrimonial domicile in this state at the time of the commencement of the action. A complaint must allege one of these factors and if it does not, any attempted service of process under section 48.193 is void. Electro Engineering Products Co. v. Lewis, 352 So.2d 862 (Fla. 1977); Wynn v. Aetna Life Insurance Co., 400 So.2d 144 (Fla. 1st DCA 1981).
In Laney v. Laney, 487 So.2d 1109 (Fla. 1st DCA 1986), this court, on facts very similar to those of the instant case, reversed a trial court's denial of a motion to vacate final judgment of dissolution of marriage for lack of personal jurisdiction. Laney concerned a wife who had separated from her husband in North Carolina and later moved to Florida where she eventually sought a divorce. In her petition, the wife requested: (1) dissolution of marriage, (2) temporary and permanent child support, (3) rehabilitative alimony, (4) primary parental *906 responsibility of the parties' minor children. 487 So.2d at 1109. We held in Laney that the wife's failure to allege that either the couple had maintained a marital domicile in Florida at the time the action was brought or that the husband had resided in Florida prior to its commencement, resulted in void service of process under section 48.193(1)(e) and therefore the trial court's final judgment of dissolution should be vacated. See also Mouzon v. Mouzon, 458 So.2d 381 (Fla. 5th DCA 1984). Because Mr. Hargrave did not allege either that he and Mrs. Hargrave maintained Florida as their place of matrimonial domicile or that Mrs. Hargrave resided in Florida preceding the commencement of this action, his service of process was void and the trial court improperly denied Mrs. Hargrave's motion to dismiss and to quash service of process.
Mr. Hargrave argues in the alternative that even if the trial court did not have personal jurisdiction under section 48.193(1)(e) to adjudicate his requests for division of property and primary custody it nonetheless had in rem jurisdiction under Chapter 49 to dissolve the marriage. In support of this contention, Mr. Hargrave cites Arnstein v. Arnstein, 422 So.2d 1052 (Fla. 4th DCA 1982). In Arnstein a husband seeking a divorce attempted to effect personal service on his wife under section 48.193(1)(e), Florida Statutes (1981). The court in Arnstein acknowledged that publication, which is provided for in Chapter 49, was technically the proper method of obtaining service of process for dissolution of marriage. Notwithstanding the husband's incorrect selection of Chapter 48 as a vehicle for effecting personal service, the Fourth District Court of Appeal held that the marriage could be dissolved on the basis of in rem jurisdiction. 422 So.2d at 1053. The court also observed that the wife had received adequate notice and that "we have no indication that the court intends to (and of course it could not) adjudicate questions of alimony or division of property, requiring personal jurisdiction over the wife." Id.
The Arnstein decision is factually distinguishable from the case at bar. In Arnstein the party seeking to effect long-arm jurisdiction sought only a dissolution of marriage. By contrast, Mr. Hargrave seeks custody of his child as well as division of property. Under section 48.193, Florida Statutes (1985), where either of these two factors are sought, a sufficient jurisdictional predicate must be laid and this entails allegations of either marital domicile or that the defendant had resided in Florida prior to the commencement of the action. Arnstein might therefore be more persuasive for purposes of the instant case if Mr. Hargrave were merely seeking a divorce. But Mr. Hargrave's petition for dissolution of marriage indicates that he desires additional relief for which he has failed to satisfy his statutory burden under section 48.193.
We conclude that because Mr. Hargrave did not properly seek a dissolution by publication under Chapter 49, his attempted service of process on Mrs. Hargrave is void. However, in accordance with Shammay v. Shammay, 467 So.2d 1040 (Fla. 3d DCA 1985), we remand with instructions to permit Mr. Hargrave to re-serve Mrs. Hargrave by amending his complaint and adding proper jurisdictional facts if such facts exist.
REVERSED.
SMITH and ZEHMER, JJ., concur.