PER CURIAM.
Appellant seeks review of the trial court’s summary denial of his motion to correct an illegal sentence. Appellant alleged in his motion that his sentence is illegal because it was enhanced, at least in part, on the basis of a prior uncounseled conviction. If this allegation is true, then appellant may be entitled to relief. See United States v. Tucker, 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972); Washington v. State, 442 So.2d 382 (Fla. 2d DCA 1983); Lloyd v. State, 346 So.2d 1075 (Fla. 2d DCA 1977). The trial court, however, failed to attach portions of the record which conclusively refute appellant’s allegations.
Accordingly, we reverse the summary denial of appellant’s motion and remand the case to the trial court. On remand, unless the case files and records conclusively show that appellant is not entitled to relief, the trial court shall order the state to file an answer. After receipt of the answer, the trial court shall determine whether an evidentiary hearing is required. If the trial court should summarily deny the motion again, it shall attach such portions of the record which conclusively refute appellant’s allegations. Appellant will have thirty days in which to appeal.
DANAHY, C.J., and FRANK and PARKER, JJ., concur.