526 So.2d 780 (1988)
George Neil FEDER, Appellant,
v.
Maria Eugenia Valdes FEDER, Appellee.
No. 87-984.
District Court of Appeal of Florida, Third District.
June 21, 1988.
*781 Magill & Lewis and R. Fred Lewis, Miami, for appellant.
Gilberto V. Fort, Miami, for appellee.
Before BARKDULL, FERGUSON and JORGENSON, JJ.
PER CURIAM.
Husband appeals a Final Judgment of Dissolution requiring him to pay wife $40,000 as lump sum rehabilitation alimony.
Maria Eugenia Valdes Feder filed a petition of dissolution to end her marriage to George Feder. No children were born of the marriage. Maria had two children from a prior marriage. From the record Maria had property she had purchased and fully paid for before the marriage which after the marriage had been encumbered with a mortgage for $15,700 to support the family because George had become disabled due to an automobile accident. It further appeared that a second mortgage was later placed on the property for $25,000 to pay George's attorney in a federal case. The trial court awarded Maria $40,000 in lump sum rehabilitative alimony in the nature of a repayment of the two loans on her property.
We find that the trial court erred in holding it had personal jurisdiction over the defendant. The wife herein failed to allege that the couple had maintained a marital domicile in Florida at the time that the action was brought or that the husband had resided in Florida prior to its commencement. Failure to so allege results in void service of process under Section 48.193(1)(e), Florida Statutes (1985) and the final judgment of dissolution should be reversed. See Hargrave v. Hargrave, 495 So.2d 904 (Fla. 1st DCA 1986); Mouzon v. Mouzon, 458 So.2d 381 (Fla. 5th DCA 1984).[1]
Therefore, the judgment of dissolution entered herein is hereby reversed and the cause is remanded to the trial court with directions to dismiss the complaint with leave to amend by adding proper jurisdictional facts, if such facts exist. See Shammay v. Shammay, 467 So.2d 1040 (Fla. 3d DCA 1985).
Reversed and remanded with directions.
NOTES
[1] In holding a lack of personal jurisdiction it was not necessary to reach that portion of the final judgment awarding lump sum alimony. However, nothing contained herein should be construed as approving that portion of the judgment.