600 So.2d 1181 (1992)
Sylvia Mirella McCABE, Appellant,
v.
Francis Clifford McCABE, Appellee.
No. 91-2011.
District Court of Appeal of Florida, Fifth District.
May 22, 1992.
*1182 Michael J. Belle, Law Firm of James L. Essenson, Sarasota, for appellant.
L.R. Huffstetler, Jr., Spring Hill, for appellee.
DIAMANTIS, Judge.
Appellant Sylvia McCabe appeals the order of the trial court denying her motion to divest the trial court of jurisdiction over this action for dissolution of the parties' marriage, equitable distribution of the parties' property, and custody of the parties' children. We vacate the trial court's order and remand for further proceedings consistent with this opinion.
On June 17, 1991 Francis McCabe (the husband) filed a verified petition for dissolution of his marriage to Sylvia McCabe (the wife). The petition avers that the husband has been a resident of Florida for more than six months before the filing of the petition, stating that, although he was a member of the U.S. Navy until June 13, 1991, he has maintained Florida as his state of residence. The petition also avers that the parties were married on April 18, 1987 in Hernando County and lived as husband and wife until June 14, 1991.
Two children were born of the marriage: twin boys, James and Keith, born August 29, 1989. The petition further avers that the children have resided with the parents from birth to September 1990 in Connecticut, from September 1990 until June 1991 in Maine, and then solely with the father from June 1991 to the present date in Florida. The petition also avers that the marriage is irretrievably broken and requests the trial court to enter an order dissolving the parties' marriage, awarding custody of the children to the husband, and distributing the parties' property.
At the same time the husband filed a motion for an ex parte temporary injunction, asking the court to enjoin the wife from removing the children from the court's jurisdiction and to award the husband temporary custody of the children pending disposition of the matter. In the motion the husband states that the wife "is believed to be in North Carolina with her mother and stepfather and has threatened to conceal the children and/or remove the children from the state of Florida".
The husband attached to the motion an affidavit in which he states that on numerous occasions the wife has threatened that he will "never see his children again" and thus he fears that his wife will deny him and his grandmother, mother, father, sisters and aunt access to the children by concealing the children and/or removing them from Florida.
The trial court immediately entered an ex parte order granting the husband temporary custody of the twins, prohibiting the wife from removing the children from Florida without court order, and ordering the wife to in no way cause or threaten to cause any emotional or physical harm to the husband or the children.
On July 11, 1991 the wife filed a motion to divest the trial court of jurisdiction. In the motion the wife claims that the trial court lacks personal jurisdiction over her *1183 and lacks subject matter jurisdiction over the issue of the custody of the twins.
The wife later filed with the trial court an affidavit in support of her motion. In the affidavit the wife states that on June 13, 1991 the husband was discharged from the Navy and that at the time of discharge the family was living in Maine. The wife states that subsequent to the husband's discharge "we intended to reside in the state of North Carolina where my mother and stepfather reside" and thus shipped the family's belongings from Maine to North Carolina. The wife states that on June 13, 1991 the family drove to North Carolina from Maine. The next day, while she was grocery-shopping with her mother, the husband "absconded with the minor children from the state of North Carolina, thereby fleeing to the state of Florida." The wife states that the husband has concealed the children from her. She further states that she has never denied her husband visitation with the children nor concealed the children from her husband and that she has and will promote visitation. She states that she is not a resident of Florida and that she intends to reside in North Carolina.
The wife also filed a verified complaint and affidavit of child care costs in the General Court of Justice in North Carolina. In the complaint the wife sought an order granting her temporary and permanent custody of the boys and an injunction enjoining the husband from removing the boys from North Carolina. The wife also sought an order of temporary child support.
On July 16, 1991 the North Carolina trial court issued an order for immediate temporary custody and notice of hearing. In the order the court states that jurisdiction over the issue of child custody is proper in North Carolina because when the parties left Maine they did so with the intention to relocate to North Carolina. To support this finding the court cites to the fact that the moving company was directed to move all the parties' belongings to North Carolina. The court also cites, as a basis for jurisdiction, the fact that the husband absconded with the children to Florida, taking with him the parties' only vehicle and all of the funds owned by the parties. The court further states that due to the husband's actions there is a danger that he might again abduct the children and, therefore, temporary custody should be awarded to the wife. The North Carolina order further states that the husband is an abuser of alcohol and that he has assaulted and threatened to kill the wife on several occasions. The court specifically ruled that it is in the best interest of the children for the wife to have custody of the children pending a hearing on the wife's petition. The court also enjoined the husband from removing the children from North Carolina without court order. The court set a hearing for July 25, 1991.
On July 25, 1991 the North Carolina court conducted a hearing. The husband did not appear at the hearing, but his attorney made a special appearance on the husband's behalf. The North Carolina court ruled that it has jurisdiction under the Uniform Child Custody Jurisdiction Act to adjudicate the issue of custody of the parties' children, citing the reasons set forth in its July 16, 1991 order. The court ruled that temporary custody would remain with the wife pending further proceedings on the wife's petition for permanent custody. The court also ruled that the husband is not entitled to visitation with the children because he failed to appear at the hearing.
On August 7, 1991 the trial court in Florida conducted a hearing on the wife's motion to divest the court of jurisdiction. No evidence was introduced at this hearing. The trial court denied the motion, concluding that it has jurisdiction over the wife and the issue of child custody because "the parties have had continuing and substantial contact with the state of Florida and minimal, if any, contact with the state of North Carolina". To support this conclusion the court stated that the husband "was a member of the United States Navy, *1184 designated Spring Hill, Hernando County, Florida as his place of residence on all Navy records, maintained a Florida driver's license, filed all federal income tax returns in Florida and intended to return to Florida upon discharge from the military." The court then ordered that the twins remain in the custody of the husband until further order of the court. The court also stated that any order originating from any court in the state of North Carolina that asserts jurisdiction is "hereby declared null and void and unenforceable in the state of Florida."
The wife first argues that the trial court erred in ruling that it has personal jurisdiction over her. The trial court concluded that personal jurisdiction exists over the wife because she is a resident of Florida. The court based this conclusion on the fact that the husband states that he is a resident of Florida. The trial court erred in its conclusion. Even assuming, arguendo, that the husband is a resident of Florida for at least six months prior to the filing of his petition for dissolution as required by section 61.021 of the Florida Statutes (1991),[1] this fact alone does not automatically confer upon the trial court personal jurisdiction over the wife because the residence of a wife does not necessarily follow that of her husband when facts pertinent to her particular case indicate otherwise. Beaucamp v. Beaucamp, 508 So.2d 419 (Fla. 2d DCA 1987); Simpson v. Simpson, 339 So.2d 250 (Fla. 2d DCA 1976); Bowers v. Bowers, 287 So.2d 722 (Fla. 1st DCA 1973).
In the instant case the wife's affidavit states that during the marriage she resided with her husband and her children in Connecticut and Maine; that upon leaving Maine the wife, the children, and her husband intended to reside in North Carolina; and that she has no intention of residing in Florida. Because the factual matters set forth in the wife's affidavit contradict the factual assertions of the husband regarding the wife's residency, the trial court erred in relying upon the general rule that the wife's residence follows that of her husband.[2] On remand, the trial court must determine, after a full evidentiary hearing, the residence of the wife.
Also, even if the wife is a Florida resident, such a fact would not, ipso facto, result in personal jurisdiction over the wife under the applicable provisions of Florida's long-arm statute, section 48.193 of the Florida Statutes (1991). Section 48.193 provides in pertinent part as follows:
48.193. Acts subjecting person to jurisdiction of courts of state. 
(1) Any person, whether or not a citizen or resident of this state who personally or through an agent does any of the acts enumerated in this subsection thereby submits himself and, if he is a natural person, his personal representative to the jurisdiction of the courts of this state for any cause of action arising from the doing of any of the following acts:
* * * * * *
(e) with respect to a proceeding for alimony, child support, or division of property in connection with an action to dissolve a marriage or with respect to an independent action for support of dependents, maintaining a matrimonial domicile in this state at the time of the commencement of this action or, if the defendant resided in this state preceding *1185 the commencement of the action, whether cohabiting during that time or not. This paragraph does not change the residency requirement for filing an action for dissolution of marriage.
The petition for dissolution of marriage filed by the husband fails to allege that the parties maintained a marital domicile in Florida at the time the action was brought or that the wife resided in Florida prior to the commencement of the dissolution action. This failure renders the husband's service of process upon the wife under Florida's long-arm statute void.[3]Feder v. Feder, 526 So.2d 780 (Fla. 3d DCA 1988); Hargrave v. Hargrave, 495 So.2d 904 (Fla. 1st DCA 1986); Laney v. Laney, 487 So.2d 1109 (Fla. 1st DCA 1986); Mouzon v. Mouzon, 458 So.2d 381 (Fla. 5th DCA 1984).[4] On remand, the husband must amend his petition for dissolution to allege the requisite jurisdictional requirements of section 48.193(1)(e) and the wife must be properly served pursuant to section 48.194 of the Florida Statutes (1991).
The wife also claims that the trial court erred in concluding that it has subject matter jurisdiction to rule upon the husband's claim for custody of the twins. The trial court concluded that it has subject matter jurisdiction over the issue of the custody of the children because the husband is a resident of Florida and the parties have had "continuing and substantial contact with the state of Florida". This conclusion is incorrect.
The trial court was required to decide whether it possessed the requisite subject matter jurisdiction to determine and decide the child custody matters involved in this case pursuant to the provisions of the Uniform Child Custody Jurisdiction Act, section 61.1302 et seq. of the Florida Statutes (1991).[5]
In summary, section 61.1308 provides that the Florida courts have jurisdiction to make a child custody determination if any of the following four grounds exist:
(1) the state is the home state of the child at the time of the commencement of the proceeding or Florida had been the child's home state within six months before commencement of the proceeding; or
(2) it is in the best interest of the child that Florida assume jurisdiction because *1186 the child and his parents or the child and at least one contestant have a significant connection with this state, and there is available in this state substantial evidence concerning the child's present or future care, protection, training, and personal relationships; or
(3) the child is physically present in Florida and (a) the child has been abandoned, or (b) it is necessary in an emergency to protect the child because he has been subjected to or threatened with mistreatment or abuse or is otherwise neglected; or
(4) it appears that no other state would have jurisdiction or another state has declined to exercise jurisdiction on the ground that Florida is the more appropriate forum to determine the custody of the child and it is in the best interest of the child that a Florida court assume jurisdiction.
It is clear that jurisdiction is not available under the first ground because Florida is not the "home state" of the children and had not been the children's home state within six months before commencement of the proceeding. Home state is defined as "the state in which the child, immediately preceding the time involved, lived with his parents, a parent, or a person acting as a parent for at least six consecutive months". Section 61.1306(5), Fla. Stat. (1991). The fact that Florida may be the twins' legal residence or legal domicile does not necessarily mean that the children lived in Florida for six months as the statute defines home state for custody jurisdiction. See Jackson v. Jackson, 390 So.2d 787 (Fla. 1st DCA 1980).
The second ground requires that evidence be presented that the twins and the husband have a "significant connection" with Florida, and that there is available in Florida substantial evidence concerning the children's present or future care, protection, training, and personal relationships.[6] Here, there was no such evidentiary hearing conducted and, further, there were no appropriate findings made.
The third ground is not applicable because there has been no showing that the children have been abandoned or threatened with mistreatment or abuse or otherwise neglected by the wife.
The fourth ground does not apply because the state of North Carolina has exercised jurisdiction over the twins. In fact, the North Carolina court specifically stated that it is in the best interest of the children for the custody dispute to be litigated in North Carolina because the children and the wife have a "significant connection" with that state.
Because the trial court failed to apply the standards set forth in section 61.1308, we must remand with instructions that the court determine the issue of jurisdiction in compliance with the terms of the statute. Further, we note that section 61.1318(1) specifically provides that if the petitioner in an initial custody decree has wrongfully taken the children from another state or has engaged in similar "reprehensible conduct" the court may decline to exercise jurisdiction if this is just and proper under the circumstances. The wife's affidavit, which is presently unrefuted, states the husband absconded from North Carolina with the children, the family car and all of the family's funds. The trial court on remand must determine if the husband did wrongfully take the children or engage in similar reprehensible conduct and, if so, the court must determine whether the conduct was sufficient to decline to exercise jurisdiction. See Brown v. Tan, 395 So.2d 1249 (Fla. 3d DCA 1981).
Finally, upon remand the trial court shall comply with section 61.1314(3), which provides that "if the court is informed that a proceeding was commenced in another state after it assumed jurisdiction, it shall *1187 likewise inform the other court to the end that the issues may be litigated in the more appropriate forum."
Accordingly, we vacate the order of the trial court denying the wife's motion to divest the trial court of jurisdiction and remand this cause for further proceedings consistent with this opinion.
Order VACATED; cause REMANDED.
W. SHARP and GRIFFIN, JJ., concur.
NOTES
[1] See Eckel v. Eckel, 522 So.2d 1018 (Fla. 1st DCA 1988); § 47.081, Fla. Stat. (1991). We express no opinion regarding whether the husband was a resident of Florida for the requisite six-month period prior to his filing of the instant action because this matter should be resolved in a full evidentiary hearing. The burden of proof would be upon the husband to establish residency and, therefore, subject matter jurisdiction over the dissolution action. Beaucamp v. Beaucamp, 508 So.2d 419 (Fla. 2d DCA 1987).
[2] See McIntyre v. McIntyre, 53 So.2d 824 (Fla. 1951). We note that in McIntyre the court equated domicile with the necessary residency requirement to file a dissolution of marriage action.
[3] If the husband cannot plead and sustain service under section 48.193(1)(e), service by publication pursuant to section 49.021, Florida Statutes (1991) would be proper only as to matters for which publication is authorized provided all procedural requirements are complied with. See, e.g. Montano v. Montano, 520 So.2d 52 (Fla. 3d DCA 1988); Whigham v. Whigham, 464 So.2d 674 (Fla. 5th DCA 1985); Burton v. Burton, 448 So.2d 1229 (Fla. 2d DCA 1984); Shefer v. Shefer, 440 So.2d 1319 (Fla. 3d DCA 1983); Gelkop v. Gelkop, 384 So.2d 195 (Fla. 3d DCA 1980); Palmer v. Palmer, 353 So.2d 1271 (Fla. 1st DCA 1978); Callaghan v. Callaghan, 337 So.2d 986 (Fla. 4th DCA 1976); Lahr v. Lahr, 337 So.2d 837 (Fla. 2nd DCA 1976).
[4] We have also considered the provisions of section 47.081 of the Florida Statutes (1991). This section provides that any person in the armed services of the United States, and the spouse of any such person, shall be prima facie a resident of this state for maintaining an action if such person lives in Florida. This section only applies to the matter of maintaining an action and does not address obtaining personal jurisdiction over a person not living in Florida. If we were to construe section 47.081 as somehow conferring personal jurisdiction over the wife, then a substantial issue of whether Florida could constitutionally exercise jurisdiction over the wife would arise. This constitutional issue would require a two-prong analysis: first, has the wife established sufficient "minimum contacts" with Florida to allow Florida to assert jurisdiction over her and, second, would the assertion of such jurisdiction offend "traditional notions of fair play and substantial justice." Thompson v. Doe, 596 So.2d 1178 (Fla. 5th DCA 1992); Sun Bank, N.A. v. E.F. Hutton & Company, Inc., 926 F.2d 1030 (11th Cir.1991), citing Burger King Corporation v. Rudzewicz, 471 U.S. 462, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985).
[5] The wife has not raised any issue regarding the notice that she received in the instant case. After the trial court entered its ex parte custody order it afforded the wife a hearing. Section 61.1312 governs notice of custody proceedings. The notice provisions of section 61.1312 are specifically limited to acquiring personal jurisdiction over a person outside this state for purposes of child custody matters and have no application to acquiring personal jurisdiction over a person outside this state as to any other issue.
[6] Cf. Mondy v. Mondy, 428 So.2d 235 (Fla. 1983) and Reeve v. Reeve, 391 So.2d 789 (Fla. 1st DCA 1980).