SMITH, Judge.
The wife appeals a final judgment of dissolution which awards the husband custody of the parties’ child, child support, and the wife’s interest in the parties’ marital home, contending the judgment is void for lack of jurisdiction. We agree and reverse.
The sole jurisdictional allegation in the husband’s amended petition for dissolution of marriage is that he was a Florida resident *702 for a period of more than six months immediately prior to the filing of his petition. The wife was personally served in Wisconsin, and when she failed to respond to the amended petition, a default was entered. A few days later, without further notice, the final judgment appealed was entered by the trial court.[1]
Before the husband could effect service of process under section 48.193(l)(e), Florida Statutes (1991) he was required to allege in his complaint that the parties maintained a marital domicile in Florida at the time of the commencement of the action or that the wife resided in Florida preceding commencement of the action. Hargrave v. Hargrave, 495 So.2d 904, 905 (Fla. 1st DCA 1986); accord, Laney v. Laney, 487 So.2d 1109 (Fla. 1st DCA 1986). Failure to allege one of these jurisdictional facts rendered the service of process void, and the trial court’s final judgment of dissolution must be vacated. Id. Under Florida law, even the entry of a default judgment against a nonresident defendant cannot prevent assertion of lack of personal jurisdiction over the defendant, when the complaint lacks sufficient jurisdictional allegations to bring the claim within the ambit of the long arm statute. Mouzon v. Mouzon, 458 So.2d 381 (Fla. 5th DCA 1984).
Moreover, we note an additional defect. Neither the amended petition, nor any attachments or affidavits, set forth any allegations establishing the trial court’s jurisdiction over the parties’ child. See Perez v. Perez, 519 So.2d 1104 (Fla. 3d DCA 1988); and Mouzon v. Mouzon, 458 So.2d at 383. See also Walt v. Walt, 574 So.2d 205 (Fla. 1st DCA 1991).
REVERSED.
ALLEN and DAVIS, JJ., concur.

. The wife also maintains in this case that she was entitled to notice before the issues of child support and equitable distribution could be tried. Since the jurisdictional issue controls resolution of this case, we decline to rule on this point.