PER CURIAM.
The husband, Mark F. Caputo, appeals the trial court’s nonfinal order that denied his special appearance to contest jurisdiction over the wife’s action for alimony, child custody, and equitable distribution. We reverse.
The husband and wife were married in Saratoga Springs, New York, in 1975, and have one minor child as a result of their marriage. In 1989, the husband filed for divorce in New York, and the wife moved to Florida and established a residence. The husband withdrew his New York divorce complaint in 1993, and the wife subsequently filed a petition for dissolution of marriage in Florida. The wife’s petition alleged that since the parties owned a home in Venice, Florida, the trial court had personal jurisdiction over the husband under the auspices of section 48.193(l)(e), Florida Statutes (1993). The wife’s petition sought, among other things, a dissolution of marriage, alimony, liberal contact with the parties’ minor child, *288 temporary use of the Venice home, and equitable distribution.
The husband by special appearance moved to contest jurisdiction in Florida with regard to alimony, child custody, and division of property. The trial court denied the husband’s special appearance to contest jurisdiction and ruled that personal jurisdiction was proper in Florida pursuant to section 48.193, since the wife alleged in her petition that the parties owned real property in this state. The husband filed a timely notice of appeal.
The husband contends that the trial court erred in ordering personal jurisdiction over him for purposes of determining alimony and equitable distribution simply based upon his ownership of real property within Florida. We agree with the husband.
Section 48.193 governs the instances in which an out of state party is subject to the Florida court’s jurisdiction:
(1) Any person,- whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits himself and, if he is a natural person, his personal representative to the jurisdiction of the courts of this state for any cause of action arising from the doing of any of the following acts:
(e) With respect to a proceeding for alimony, child support, or division of property in connection with an action to dissolve a marriage or with respect to an independent action for support of dependents, maintaining a matrimonial domicile in this state at the time of the commencement of this action or, if the defendant resided in this state preceding the commencement of the action, whether cohabiting during that time or not. This paragraph does not change the residency requirement for filing an action for dissolution of marriage.
A party seeking to effect service of process under section 48.193(l)(e) must make specific allegations' demonstrating sufficient jurisdictional facts. Hargrave v. Hargrave, 495 So.2d 904 (Fla. 1st DCA 1986). The failure to allege that the parties maintained a marital domicile in Florida at the time the action was brought or that the defendant resided in Florida prior to the commencement of the dissolution action, renders the attempted service of process under Florida’s long-arm statute void. See McCabe v. McCabe, 600 So.2d 1181 (Fla. 5th DCA 1992).
The wife’s petition for dissolution of marriage in the instant case failed to allege that the parties maintained a marital domicile in Florida at the time the action was brought or that the husband resided in Florida prior to the commencement of the dissolution action. Therefore, we find that the trial court erred in holding it had personal jurisdiction over the husband for the purposes of alimony and equitable distribution. We also note that the petition did not set forth allegations establishing the trial court’s jurisdiction over the parties’ child. See Kilvington v. Kilvington, 632 So.2d 701 (Fla. 1st DCA 1994). We, accordingly, reverse and remand with directions to dismiss the complaint with leave to amend by adding proper jurisdictional facts if such facts exist.
Reversed and remanded.
SCHOONOVER, A.C.J., and THREADGILL and QUINCE, JJ., concur.