QUINCE, Judge.
Rufus S. Watson, Jr. appeals the trial court’s denial of his motion to vacate and set aside a final judgment awarding Teresa Watson one-half of his federal pension in a divorce proceeding. We reverse because the trial court lacked personal jurisdiction over the appellant.
A petition for dissolution of marriage was filed in Collier County, Florida, by the wife on February 4, 1992. After an unsuccessful attempt to serve the husband at the wife’s address, the wife attempted service by publication. The notice of suit was published on four successive dates in the Naples Daily News. A motion for default was filed and entered on April 29, 1992. On July 16, 1992, a final judgment was rendered. The appellant entered a special appearance on October 5, 1992, and moved to vacate and set aside the final judgment. The motion was denied on February 2, 1994, and this timely appeal followed.
The wife alleged in the petition that the parties were married in the State of Maryland. She further alleged her residence in the State of Florida. However, the petition does not contain either any allegation of a marital domicile in Florida at the time of the commencement of the action or an allegation that the husband resided in this state prior to the commencement of the action. Section 48.193(l)(e), Florida Statutes (1991) provides that a person is subject to the jurisdiction of the courts of this state in an action for alimony or division of property in connection with a dissolution of marriage if a marital domicile was maintained in the state at the time the action was commenced or the defendant had resided in this state prior to the filing of the action. The failure to allege one of these jurisdictional requirements renders attempted service under Florida’s long-arm statute void. Caputo v. Eggleston, 637 So.2d 287 (Fla. 2d DCA 1994), McCabe v. McCabe, 600 So.2d 1181 (Fla. 5th DCA 1992).
The trial court erred in finding it had personal jurisdiction over the husband for purposes of alimony and/or division of property. We reverse and remand to the trial court with directions to dismiss the petition with leave to amend with the proper jurisdictional facts.
DANAHY, A.C.J., and THREADGILL, J., concur.