STEVENSON, Judge.
In this non-final appeal, the former husband, a New York resident, challenges an order of the trial court denying his motion to quash service of process where the former wife filed a petition for dissolution of marriage in Palm Beach County seeking alimony, primary residential custody of the couples’ children, child support, and equitable distribution of the marital assets. The trial judge was correct in denying the motion to quash because it asserted that he had no jurisdiction to grant any relief. He does have jurisdiction to dissolve the marriage and to decide custody of the children. We, therefore, affirm the denial with the limitation that he can only grant that relief.
The parties to this appeal were married in 1982 and, at the time of their separation, resided in New York. The former wife then moved to Florida, while the former husband remained in New York. In October of 1996, the former wife filed her petition for dissolution of marriage. The former husband was personally served, in New York, with a copy of the petition and a summons. In response, the former husband filed a notice of special appearance for the purpose of quashing service of process. Specifically, the former husband argued that the trial court lacked personal jurisdiction over him in that he had no contacts with Florida nor had the couples’ marital domicile ever been in Florida. The trial court denied his motion.
A non-resident’s act of maintaining a marital domicile in Florida at the time of commencement of the action, or residence in Florida prior thereto, will subject that person to personal jurisdiction for proceedings regarding alimony, child support, or property division. See § 48.193(l)(e), Fla. Stat. (1995). However, in the instant case, not only does the petition for dissolution not allege these facts, but the former husband’s affidavit specifically refutes them, and there was no counter-affidavit filed by the former wife. Thus, to the extent that the petition sought alimony, child support, and property division, the trial court erred in denying the former husband’s motion to quash as the Florida court lacked the required personal jurisdiction. See McCabe v. McCabe, 600 So.2d 1181, 1184-85 (Fla. 5th DCA 1992)(finding that where petition for dissolution failed to allege either that parties maintained a marital domicile in Florida or that former wife resided in Florida, service of process upon former wife under long-arm statute was void); Shefer v. Shefer, 440 So.2d 1319, 1319 (Fla. 3d DCA 1983)(finding that since it was undisputed that the parties never maintained a marital domicile in Florida, long-arm personal service over the wife was an impossibility under section 48.193(3)).
Personal jurisdiction, however, is not required in order for the Florida court to adjudicate the petition to the extent that it seeks dissolution, see Arnstein v. Amstein, 422 So.2d 1052, 1053 (Fla. 4th DCA 1982), nor to the extent that it seeks custody of the parties’ minor children, see Warfield v. Warfield, 661 So.2d 924, 925 (Fla. 4th DCA 1995)(holding that “personal jurisdiction is not required to make an out-of-state parent a party to custody action where the state court has subject matter jurisdiction under the U[niform] C[hild] C[ustody] J[urisdiction] A[ct].”), review denied, 669 So.2d 252 (Fla.1996), cert. denied, — U.S. -, 117 S.Ct. 59, 136 L.Ed.2d 21 (1996). Since the former husband admits that he was personally *537 served with process in New York and does not complain that service was improperly made, we find that the former husband had sufficient notice of the dissolution and child custody proceedings to enable the trial court to proceed on these issues. See Arnstein, 422 So.2d at 1053; see also § 61.1812, Fla. Stat. (1995). This cause is hereby remanded so that the lower court may proceed to adjudicate the former wife’s petition to the extent that it seeks dissolution and child custody.
AFFIRMED in part; REVERSED in part; and REMANDED.
KLEIN and GROSS, JJ., concur.