826 So.2d 1024 (2001)
David Bruce McMAHAN, Appellant,
v.
Cynthia Whitfield McMAHAN, Appellee.
Nos. 3D00-3357, 3D00-3356.
District Court of Appeal of Florida, Third District.
July 25, 2001.
Cynthia L. Greene and Melvyn B. Frumkes, Miami, for appellant.
Ginsberg & Schwartz and Arnold R. Ginsberg, Miami; Bluestein & Wayne, Miami, for appellee.
Before SCHWARTZ, C.J., and SORONDO, J. and NESBITT, Senior Judge.
PER CURIAM.
David Bruce McMahan (Husband) appeals two non-final orders entered by the trial court denying his motion to quash service of process and dismiss his wife's petition for dissolution of marriage and other relief; and denying his motion to require his wife to file a response to his affidavit and determine in personam jurisdiction over him.
*1025 On July 21, 2000, Cynthia Whitfield McMahan (Wife) served Husband at his residence in New York with a petition for dissolution of marriage and other relief, including equitable distribution of marital assets and alimony,[1] under Florida's longarm statute. Wife's petition alleged in relevant part:

RESIDENCY: The Wife, CYNTHIA WHITFIELD McMAHAN, ("Wife") is a bonafide resident of the State of Florida, County of Miami-Dade, and has resided in Miami-Dade, Dade County, Florida, for more than six (6) months next before filing this Petition. In addition, the Husband, DAVID BRUCE McMAHAN, ("Husband") is a bonafide resident of the State of Florida, County of Miami-Dade, for more than six (6) months next before filing this Petition.
Husband responded with a motion to quash service of process and dismiss the petition, in which he alleged that the trial court lacked personal jurisdiction over him and that the petition was legally insufficient as it failed to allege the requirements for long-arm jurisdiction.
After a hearing, the trial court entered its order denying Husband's motion to quash service of process and dismiss Wife's petition, finding that the petition stated sufficient jurisdictional allegations.[2]
On appeal, Husband contends that the trial court erred in denying his motion to quash service of process and to dismiss Wife's petition since Wife failed to specifically plead the statutory basis for long-arm service on Husband.[3] We agree.
Florida's long-arm statute, section 48.193(1)(e), Florida Statutes (2001), provides:
(1) Any person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits himself or herself and, if he or she is a natural person, his or her personal representative to the jurisdiction of the courts of this state for any cause of action arising from the doing of any of the following acts:
* * * *
(e) With respect to a proceeding for alimony, child support, or division of property in connection with an action to dissolve a marriage or with respect to an independent action for support of dependents, maintaining a matrimonial domicile in this state at the time of the commencement of this action or, if the defendant resided in this state preceding the commencement of the action, whether cohabiting during that time or not. This paragraph does not change the residency requirement for filing an action for dissolution of marriage.
To effect service of process under section 48.193, the complaining party must make specific allegations demonstrating sufficient jurisdictional facts.[4]Hargrave *1026 v. Hargrave, 495 So.2d 904, 905 (Fla. 1st DCA 1986). Under section 48.193(1)(e), this means having to allege either that the couple maintained their matrimonial domicile in Florida at the time the dissolution proceeding was commenced, or that the defendant (the husband in this case) resided in Florida before the action commenced. Hargrave, 495 So.2d at 905. Failure to allege either of these voids any attempted service under the long-arm statute. Feder v. Feder, 526 So.2d 780, 781 (Fla. 3d DCA 1988).
Here, Wife's petition fails to allege either of the jurisdictional facts required under section 48.193(1)(e). Instead, the petition merely alleges that Husband is a bonafide resident of the State of Florida for more than six months next before filing the petition. Such an allegation is insufficient to comply with section 48.193(1)(e). See McCabe v. McCabe, 600 So.2d 1181 (Fla. 5th DCA 1992)(noting that even if defendant was a Florida resident, such a fact would not, ipso facto, result in personal jurisdiction over the defendant under section 48.193(1)(e)). Since Wife did not allege either of the requisite jurisdictional facts, her service of process on Husband under Florida's long-arm statute is void. Hargrave, 495 So.2d at 906.
Accordingly, we reverse the trial court's denial of Husband's motion to quash service of process and to dismiss Wife's petition, and remand the cause to the trial court with directions to dismiss the petition with leave to amend with the proper jurisdictional facts.
Reversed and remanded with directions.
NOTES
[1] Wife also sought insurance coverage and attorney's fees and costs, and asked the trial court to address the parties' indebtedness.
[2] The trial court declined to rule on the issue of lack of in personam jurisdiction because it found that Husband had not properly raised the issue in his motion to quash and dismiss. As a result, Husband subsequently filed a Motion to Require Wife to File Response to Husband's Affidavit and to Determine in Personam Jurisdiction. The trial court denied Husband's motion and entered its second order on appeal, finding that Husband waived the issue of in personam jurisdiction by failing to properly raise it as required by Rule 1.140, Florida Rules of Civil Procedure.
[3] Since this jurisdictional issue controls the resolution of the case, we do not address Husband's remaining points on appeal.
[4] This may be done by simply tracking the language of the statute without pleading supporting facts. See Fla. R. Civ. P. 1.070(h); Venetian Salami Co. v. Parthenais, 554 So.2d 499, 502 (Fla.1989).