845 So.2d 307 (2003)
Neil F. ANDERSON, Appellant,
v.
Angela S. ANDERSON n/k/a Angela S. Corson, Appellee.
No. 2D01-5485.
District Court of Appeal of Florida, Second District.
May 16, 2003.
*308 John E. Swisher, St. Petersburg, for Appellant.
M. Katherine Ramers of M. Katherine Ramers, P.A., Dunedin, for Appellee.
SALCINES, Judge.
Neil F. Anderson appeals the final judgment which awarded child support arrearages to Angela S. Anderson n/k/a Angela S. Corson and, for the first time, raises the issue of the court's lack of personal jurisdiction and a defective service of process. We reverse the final judgment because the Florida courts have never had in personam jurisdiction over Mr. Anderson.
The parties were married in Massachusetts in 1982. After the birth of their child in May 1985, Mr. Anderson allegedly abandoned the mother and child. Mrs. Anderson resided in Massachusetts until July 1985 before moving to Florida. The attorney for Mrs. Anderson, Cynthia Bryant, filed a petition for dissolution of marriage in Pinellas County, Florida, on September 27, 1988. In the petition Mrs. Anderson sought custody of the parties' child and child support, as well as health insurance for the child to be provided by Mr. Anderson, reimbursement for medical expenses incurred on behalf of the child, equitable division of the parties' joint liabilities, and an award of attorney's fees.
A totally defective affidavit of service of process was returned which Mrs. Anderson's attorney filed as support for a motion for default. A default was then entered against Mr. Anderson by the clerk of court. From the records before this court, there is no evidence that service was ever perfected upon Mr. Anderson. A final judgment of dissolution was signed on November 16, 1988.
Eleven years later, the Department of Revenue pursued child support arrearages on behalf of Mrs. Anderson and the clerk of court for Pinellas County sent a notice of arrearages to Mr. Anderson. There is no evidence that Mr. Anderson was aware of the 1988 dissolution proceedings before he received the Notice of Overdue Support Payments dated July 7, 1999.
In order for the court to award child support, it was essential for the Florida court to acquire in personam jurisdiction over Mr. Anderson. See Hurlock v. Hurlock, 703 So.2d 535, 536 (Fla. 4th DCA 1997). The petition for dissolution filed by Mrs. Anderson's attorney in 1988 did not allege sufficient material facts to establish a basis to exercise personal jurisdiction over Mr. Anderson in Massachusetts. To be sufficient, the petition was required to have stated that either the parties had maintained a matrimonial domicile in Florida *309 at the time of the commencement of the action or that Mr. Anderson had resided in Florida preceding the commencement of the action. See Laney v. Laney, 487 So.2d 1109, 1110-11 (Fla. 1st DCA 1986). There were no such allegations and Mr. Anderson did not submit himself to the jurisdiction of the Florida courts. Because the trial court did not acquire personal jurisdiction over Mr. Anderson, the final judgment of dissolution was void ab initio. See Laney, 487 So.2d at 1110.
The final judgment of dissolution of marriage which required Mr. Anderson to pay child support is void, and therefore, the subsequent final judgment awarding arrearages to Mrs. Anderson is also void. The final judgment awarding arrearages is reversed.
Reversed.
STRINGER and DAVIS, JJ., Concur.