KELLY, Judge.
Mark Hesselton (the husband) appeals from the order denying his verified motion to quash service of process and to dismiss the petition for dissolution of marriage filed by his wife, Beth Hesselton (the wife). He argues that the petition is deficient because it fails to allege a factual or legal basis for personal jurisdiction over him. We agree. The husband is a resident of Massachusetts, has never lived in Florida, and has not submitted himself to the jurisdiction of Florida courts. Therefore, the trial court erred in declining to quash service of process on him. See Anderson v. Anderson, 845 So.2d 307 (Fla. 2d DCA 2003) (holding that the wife’s petition for dissolution failed to allege sufficient material facts to permit the court to establish a basis to exercise personal jurisdiction under the long-arm statute over the nonresident husband).
Because the court does not have jurisdiction over the husband, it cannot adjudicate issues concerning alimony and property rights; however, because the wife is a Florida resident, it does have jurisdiction to dissolve the parties’ marriage. See Latta v. Lotto, 654 So.2d 1043, 1044 (Fla. 1st DCA 1995); see also Hurlock v. Hurlock, 703 So.2d 535, 536 (Fla. 4th DCA 1997). Thus, the court correctly denied the husband’s motion to dismiss the petition.
Accordingly, we reverse the portion of the trial court’s order finding that it has personal jurisdiction over the husband and denying the motion to quash service of process on him. We affirm the denial of the husband’s motion to dismiss the petition and remand for further proceedings solely to address the dissolution of the parties’ maxriage.
*81 Affirmed in part, reversed in part, and remanded for further proceedings.
DAVIS and WALLACE, JJ„ Concur.